## BRYANT v. STATE OF INDIANA.

[No. 1068S162. Filed March 10, 1969.]

*James R. Cotner, Snyder, Bunger, Cotner, Harrell & Robertson,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General and *Richard V. Bennett,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction under the Offenses Against Property Act, Acts 1963 (Spec. Sess.), ch. 10, § 3, p. 10, being § 10-3030 (1a), Burns' Indiana Statutes, 1968 Supp. Trial was had before the Court without the intervention of a jury. The motion for new trial charged that the finding of the Court is contrary to law, and that it was not sustained by sufficient evidence.

It is the claim of the appellant that in order to sustain the charge of theft it must be shown that the property taken was the property of the person named in the affidavit. The record in this cause indicates that the true owner of the property in question was the A & W Drive-in of Bloomington, Inc., whereas the affidavit alleged that one Don Lance was the owner. The pertinent section of the statute reads as follows:

"A person commits theft when he (1) knowingly:

"(a) obtains or exerts unauthorized control over property of the owner;' . . .

§ 10-3040 (12) of this same statute reads as follows:

. . . "(12) 'Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlaw-

ful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property." ...

The testimony further shows in this case that the prosecuting witness, Don Lance, was one of the owners of the corporation which actually had title to the property in question; that he was president of the corporation and that part of his duties as president of the corporation included examining the accounts of the corporation, and the responsibility of supervising the appellant herein, Dennis R. Bryant, who was employed as manager of the business. That the appellant discharged his duties in handling the funds of the corporation under the direct supervision of the said Don Lance.

The appellant has argued that under the evidence he was the person who had possession of the property in question as agent of the corporation and therefore argues that this excludes the possession of Don Lance. An examination of the testimony of Don Lance discloses that he did state that Dennis Bryant was the manager; however, he also stated that the appellant was under his (Don Lance) supervision, and that it was his direct instruction that the appellant was to take the money from the drive-in to the night depository in the bank. Don Lance stated that he was responsible for the money up to the time it was turned over to the appellant for deposit; that all receipts from the deposits were brought back to Mr. Lance.

It is, therefore, apparent from the evidence that Don Lance comes within the statutory definition of owner as above set out. This is also in keeping with the case law of this state in which this Court has stated prior to the enactment of the above statute that it is not essential that the absolute ownership of property be in the person alleged to be owner. It is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor

or administrator. *Richardson v. State* (1966), 247 Ind. 610, 220 N. E. 2d 345, 347; *Schuble v. State* (1948), 226 Ind. 299, 79 N. E. 2d 647. This same proposition of law has most recently been reaffirmed by this Court in the case of *Willoughby v. State* (1969), Indiana Supreme Court No. 968 S 141, decided but not yet reported by this Court.■

We, therefore, hold that there is ample evidence in this record upon which the Trial Court could find that Don Lance was an owner within the definition of the statute.

The appellant also claims that the conviction in the instant case would not be a bar to a subsequent prosecution on a charge of obtaining this same property in which it would be alleged that the A & W Drive-in of Bloomington, Inc., was the owner. We do not agree with this contention. Indiana follows the single larceny doctrine with regard to former jeopardy. This Court has held that where there is a ■ theft of property held by more than one owner, a conviction alleging the ownership in any one of the owners is a bar to any further prosecution alleging the same time and same place but ownership in another. *Furnace v. State* (1899), 153 Ind. 93, 54 N. E. 441; *Bell v. State* (1873), 42 Ind. 335.

The judgment of the Trial Court is affirmed.

DeBruler, C. J., and Arterburn and Hunter, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 245 N. E. 2d 156.