## INDIANA STATE PERSONNEL BOARD *v.* PARKMAN.

[No. 20675, 369S49. On petition to transfer granted March 12, 1969. See Appellate Court opinion 142 Ind. App. 255, February 19, 1968.]

*John J. Dillon,* Attorney General, *Douglas B. McFadden,* Assistant Attorney General and *Duejean C. Garrett,* Assistant Attorney General, for appellant.

*Isadore D. Rosenfeld,* of South Bend, and *Alvin D. Blieden,* of Michigan City, for appellee.

HUNTER, J.—From 1958 to 1964, Ira Parkman, the respondent, was employed as Hospital Administrator at the Indiana State Prison. On April 10, 1964, the prison Warden notified Parkman that he was suspended for thirty days and that at the end of said period of time his employment would be terminated. He was informed of the reasons for the action and of his right to appeal to the Indiana State Personnel Board.

On or about April 16, 1964, Parkman did appeal to the Personnel Board. A hearing was held on April 26 and 27, 1965, and, on June 10, 1965, the Board issued a ruling upholding his dismissal. On June 16, 1965, Parkman filed three documents with the Marion County Superior Court:

(1) A "NOTICE OF FILING AN APPEAL" addressed to the Secretary of the Indiana State Personnel Board and to the Deputy Attorney General. (At the bottom of this document, the Secretary of the Personnel Board has signed an acknowledgment that he received a copy of the notice.)

(2) A "CERTIFIED COPY OF ORDER OF DISMISSAL AND CHANGE", containing a "finding of facts and final determination" by the Personnel Board.

(3) The letter which Parkman received from the Warden informing him of his dismissal and advising him of his right to appeal.

On June 21, 1965, Parkman's attorney sent a letter to the Judge of the Marion County Superior Court explaining that the appeal was brought pursuant to Ind. Ann. Stat. § 60-1350

(1961 Repl.) and requesting that the court set a date for a hearing. No other pleading or document was filed before July 6, 1965, when the Attorney General filed a motion to dismiss on the following grounds:

"1. The Appellant has not followed the statutory procedure to give this Court jurisdiction in this cause.

2. The Appellant has failed to give this Court jurisdiction by securing a certified copy of the transcript of the proceedings before the administrative agency within fifteen (15) days of filing the appeal.

3. The Appellant specifically requests a trial *de novo* and this Court has no jurisdiction to determine said cause *de novo*.

4. The Appellant has failed to give this Court jurisdiction in that he has not filed this appeal in the county of his residence or the county in which the dismissal order or determination is to be carried out and enforced as required by law.

5. The Appellant has failed to properly commence this action by serving his petition on the Attorney General of the State of Indiana."

In a memorandum filed with the motion, the Attorney General contended that the Administrative Adjudication and Court Review Act, Ind. Ann. Stat. § 63-3001 to 3030 (1961 Repl.) governed an appeal from a decision of the Indiana State Personnel Board, and that the procedures established by this Act had not been followed by the respondent. The Superior Court overruled the motion to dismiss, and this Court declined to grant the Attorney General's petition for a writ of prohibition.

On April 4, 1966, the Attorney General filed a transcript of the hearing before the Indiana State Personnel Board. Two days later, the respondent moved to strike the transcript contending that, under Ind. Ann. Stat. § 60-1350 (1961 Repl.) he was entitled to a *de novo* proceeding. The Court sustained the appellee's motion and ordered the transcript of the hearing

struck from the record. A hearing was then held in the Superior Court and on August 5, 1966, the court entered special findings of facts and conclusions of law, determined that Parkman had been dismissed without cause, and ordered reinstatement and back pay. A motion for a new trial was overruled, and the Attorney General appealed to the Appellate Court and included in the assignment of errors that:

> "The court erred in overruling apppellant's Motion to Dismiss for lack of jurisdiction, both subject matter and personal."

On February 19, 1968, the Appellate Court affirmed the judgment of the trial court, 142 Ind. App. 255, 233 N. E. 2d 798. The Attorney General has filed a petition to transfer with this court. We grant transfer and reverse the judgment of the trial court.

The respondent apparently followed the procedural provisions of Ind. Ann. Stat. § 60-1350 (1961 Repl.) and sought a trial *de novo* on his dismissal. The Appellate Court held that Ind. Ann. Stat. § 60-1350 (1961 Repl.) provided a procedure for court review from adjudications before the Indiana State Personnel Board and that this statute had not been repealed by the Administrative Adjudication and Court Review Act. We agree with the Attorney General that the Administrative Adjudication and Court Review Act superseded this statute and provided a new and exclusive procedure for appealing from decisions of the Indiana State Personnel Board.

The expressed intent of the Administrative Adjudication Act is "to establish a *uniform method* of court review of all . . . administrative adjudication." Ind. Ann. Stat. § 63-3001 (1961 Repl.) In part to accomplish this intent, the Act provides: "All general or special laws or parts of laws in conflict herewith are hereby specifically repealed . . ." Ind. Ann. Stat. § 63-3028 (1961 Repl.) Interpreting this language literally, it would appear that any statute which provided a procedure for a court review of administrative adjudications

which was not "uniform" with that provided by this act was specifically repealed.

The Appellate Court reasoned that the State Personnel Act and the Administrative Adjudication and Court Review Act were not in conflict and that the Personnel Act was necessary to give employees of the State of Indiana a right to administrative and judicial review. Certainly, no one would contend that the new act repealed the entire State Personnel Act or all the rights created thereunder. However, *Ind. Ann. Stat. § 60-1350, supra, is not part of the State Personnel Act* and was originally enacted as an entirely separate parcel of legislation. Assuming this statute applies to court reviews of Personnel Board adjudications, it would provide an entirely different procedure than that provided by the Administrative Adjudication Act and thereby is in direct conflict with the expressed intent of the new act.

The Appellate Court also pointed out that Section 2 of the Administrative Adjudication Act, Ind. Anno. Stat. § 63-3002 (1961 Repl.), exempts the "penal institutions" from those agencies to whom the Act was to apply and the court reasoned that since Parkman was an employee in a penal institution, his appeal from the Personnel Board was exempt from the Act. If the respondent's appeal was from a decision by a penal institution, we would agree that it would not be affected by the Administrative Adjudication Act, but there is no such exemption for a decision of the Personnel Board. In fact, this court has held that decisions of the Personnel Board are subject to judicial review according to the provisions of the Administrative Adjudication Act. *Walden v. Indiana State Personnel Board* (1968), 250 Ind. 93, 235 N. E. 2d 191. That the person affected by a decision of the Personnel Board is an employee of an exempt agency does not mean that the Personnel Board or its decision is thereby exempted from the provisions of the Administrative Adjudication Act.

It is apparent that the provisions of the Administrative Adjudication Act were not met by the respondent when he

sought review of the Board's decision in the Marion County Superior Court. He did not file a verified petition for review. His action was not filed in the county in which he resided or in which the Board determination was to be carried out or enforced. He did not file a complete transcript of the Board proceedings with the clerk of the court within fifteen days of filing his action. He did not personally serve a copy of his petition on the Attorney General. All these provisions are required by Section 14 of the Administrative Adjudication Act, Ind. Ann. Stat. § 63-3014 (1961 Repl.) to give the court jurisdiction of the cause. The Marion County Superior Court had no jurisdiction or statutory authority to allow the respondent a trial *de novo*.

It follows that the motion to dismiss should have been granted and that the judgment of the trial court must be reversed.

Judgment reversed.

Arterburn and Jackson, JJ., concur.

DeBruler, C.J., and Givan, J., not participating.

NOTE.—Reported in 245 N. E. 2d 153.