CHARLES S. GLEASON *v.* REAL ESTATE COMMISSION STATE OF INDIANA, IN RELATION TO RALPH M. LEWIS ET AL.

[No. 2-972A61. Filed August 21, 1973.]

*Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

SHARP, J.*—This case was commenced when the Appellant filed on May 20, 1969 a formal complaint with the Real Estate Commission, State of Indiana, alleging professional misconduct by Ralph M. Lewis, a real estate broker licensed by said commission. On April 27, 1972 Appellant was notified by the Executive Secretary of said commission that said complaint was on that day dismissed. On May 12, 1972 Appellant filed in the trial court a verified Petition for Review of Administrative Determination. On May 30, 1972 the commission filed its motion to dismiss said petition in the trial court. On June 9, 1972 the trial court dismissed said petition for failure to certify a copy of the transcript of proceedings before said commission or to request an extension of time therefor within 15 days of the filing of said petition for review. This appeal is taken from that dismissal.

These proceedings in judicial review from a decision of the Real Estate Commission are governed by the Administrative Adjudication and Court Review Act, particularly IC 1971, 4-22-1-14 as found in Ind. Ann. Stat. § 63-3014 (Burns 1961 Repl.) :

"Any party or person so filing such verified petition for review with such court shall within fifteen (15) days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency including the order or administrative adjudication sought to be reviewed and file the same with the clerk of such court in which such action for review is pending. An extension of time in which to file such transcript shall be granted by said court in which such action for review is pending for good cause

* This case was distributed to the writer of this opinion on July 10, 1973.

shown. Inability to obtain such transcript within time shall be good cause. Failure to file such transcript within said period of fifteen (15) days, or to secure an extension of time therefor, shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceedings."

It should be noted that no assertion is here made of any inability to obtain such transcript. Under § 63-3014 the failure to file such a transcript within 15 days or an authorized extension *shall* be cause for dismissal.

In actions for judicial review of administrative determinations compliance with statutory requirements is a condition precedent to the exercise of review jurisdiction by a trial court. *White* v. *Board of Medical Registration and Examination of Indiana* (1956), 235 Ind. 572, 134 N.E.2d 556, and *Indiana State Personnel Board* v. *Parkman* (1969), 252 Ind. 44, 245 N.E.2d 153. In *Parkman* no transcript of the administrative proceedings was filed within 15 days and our Supreme Court stated:

"He did not file a complete transcript of the Board proceedings with the clerk of the court within fifteen days of filing his action. He did not personally serve a copy of his petition on the Attorney General. All these provisions are required by Section 14 of the administrative adjudication act, Ind. Ann. Stat. § 63-3014 (1961 Repl.), to give the court jurisdiction of the cause." 245 N.E.2d 156.

The foregoing authority is directly applicable to this case and is authority for the dismissal of the Appellant's Petition for Review in the trial court.

Therefore, the decision of the trial court dismissing Appellant's Petition for Review should be and hereby is affirmed.

Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 300 N.E.2d 116.