STATE OF INDIANA EX REL. SACKS BROTHERS LOAN CO., INC., *v.* ROBERT L. DEBARD

[No. 2-1276A458. Filed October 10, 1978. Rehearing denied Februry 2, 1979. Transfer denied August 24, 1979.]

Richard H. Crokin, of Indianapolis, for appellants.

Theodore L. Sendak, Attorney General of Indiana, Jack R. O'Neill, Deputy Attorney General, for appellee.

## ON PETITION FOR REHEARING

BUCHANAN, C.J. — In an unpublished Memorandum Opinion handed down May 8, 1978, we decided that the trial court in this case did not have jurisdiction to hear an appeal taken by Sacks from a decision by the Superintendent of State Police (DeBard) denying Sacks a license to sell hand guns at retail, and remanded the case to the trial court with directions to dismiss Sacks' appeal. We did so because Sacks failed to comply with the Administrative Adjudication Act, IND. CODE 4-22-1-1 et seq., by filing a petition within fifteen days after DeBard's decision as required by Section 14 of the act . . . and such a defect has been held to be jurisdictional by a long line of Indiana cases. *Indiana State Personnel Board v. Parkman* (1969), 252 Ind. 44, 245 N.E.2d 153; *Gleason v. Real Estate Commission* (1973), 157 Ind.App. 344, 300 N.E.2d 116.

Thus we raised the question of lack of jurisdiction *sua sponte* and sent the case back to the trial court to dismiss Sacks' appeal from DeBard's administrative decision denying a license.

Now, however, in his Petition for Rehearing Sacks insists that our opinion should be re-examined in light of the Supreme Court's recent decision in *P-M Gas & Wash Company, Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592. The majority there held that:

If an appellee desires to become a cross-appellant, then he must make that decision within sixty days after the entry of the judgment in his favor, *pursuant to TR. 59(C)*. When this has been done, then the ruling which is made on that motion to correct error becomes the "complaint on appeal."

This means, then, that a party (appellee) for whom a judgment ostensibly is rendered must express dissatisfaction with that judgment by filing a Motion to Correct Errors pursuant to TR. 59(C) in order to preserve cross-error on appeal.

No such Motion to Correct Errors was filed by DeBard even though the trial court had overruled DeBard's Motion to Dismiss pointing to Sacks' failure to comply with the statute[1] requiring a transcript to be filed within fifteen days of the administrative decision complained of. And it is true that such a defect is jurisdictional. *Gleason v. Real Estate Commission, supra. Also see Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646.

But it is also true this kind of a jurisdictional defect may be waived because it is not lack of jurisdiction of the subject matter which is involved, but rather lack of jurisdiction of the particular case *Daniels v. Bruce* (1911), 176 Ind. 151, 95 N.E. 569. *See also State ex rel. Johnson v. Reeves* (1954), 234 ind. 225, 125 N.E.2d 794; *Carithers v. Carithers* (1946), 116 Ind.App. 607, 65 N.E.2d 640, the trial court's determination as to lack of jurisdiction of the particular case is binding unless that question is properly raised on appeal:

> An apparent exception to the rule that the jurisdiction of the court over the subject matter may be raised at any time is that where the court has jurisdiction over the subject matter, but its jurisdiction over the particular proceeding is involved, the question must be raised at the earliest opportunity or it is waived.
>
> *Park Improvement Co. v. Review Board, etc.* (1941), 109 Ind.App. 538, 545, 36 N.E.2d 985, 987.

Whether the trial court had jurisdiction of the particular proceeding before it was a question of fact which that court had power to determine, and which it must be assumed to have determined,

---

1. IND. CODE 4-22-1-14.

and, *in the absence of an appeal, its determination of the question is conclusive.* (Emphasis supplied)

> *State ex rel. Allman v. Grant Superior Court* (1938), 215 Ind. 249, 19 N.E.2d 467.

*See also* BOBBITT 1 *Indiana Appellate Practice and Procedure*, Chapter 5, § 4, in which he said:

> Jurisdiction of the particular case means the right, authority, and power to hear and determine a specific case then before the court.

> If the lack of jurisdiction of the particular case appears on the face of the complaint, it must be raised by motion and, if it does not appear on the face of the complaint, the question must also be raised by motion.

> Lack of jurisdiction over the particular case or proceeding must be raised at the earliest opportunity or it is waived.

> Whether or not a court has jurisdiction of a particular case is within the jurisdiction of the trial court to determine and, in the absence of an appeal, such determination is conclusive.

Thus, we must conclude that the question of the trial court's jurisdiction of the particular case has not been preserved on appeal because no Motion to Correct Errors was filed by appellee, DeBard, preserving this error, as required by *P-M Gas & Wash Company, Inc., supra.* Having so decided, we turn to the merits of Sacks' appeal.

## ISSUE

Because we reverse, we need only consider this issue:

Did DeBard make sufficient findings of fact to support his conclusion that Sacks should not be allowed to sell firearms?

## DECISION

*CONCLUSION*—DeBard's findings of fact are insufficient to support his decision.

At the conclusion of the administrative hearing, DeBard entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Sacks Brothers Loan Company, Inc., 102 West Ohio Street, Indianapolis, Indiana, was notified in writing, by certified mail No. 148580, on May 14, 1976, by the Superintendent of the Indiana State Police Department, that his application for license to sell firearms No. 02795 was denied by this department.

2. That the above applicant was notified in writing by certified mail No. 655045, on June 10, 1976, that a hearing on said denial would be held on June 24, 1976, at the hour of 9 A.M., EST, in Room 305, Indiana State Office Buillding, 100 North Senate Avenue, Indianapolis, Indiana.

3. That in said notice, Sacks Brothers Loan Company, Inc., applicant, was notified of his right to be present at said hearing in person with or without counsel.

4. That the facts in issue is in the denial of the application for executing the sale of hand guns contrary to the statutes, specifically IC 35-23-4.1-8.

The Superintendent of the Indiana State Police Department, having been fully apprised in the premises of the facts and issues in this matter now concludes, orders and determines as follows: That the Superintendent of the Indiana State Police Department, as licensing officer under the Uniform Firearms Act, may deny a license to sell firearms if it appears to the Superintendent that the applicant is not a proper person to be so licensed. That the evidence disclosed that Sacks Brothers Loan Company, Inc., is not a proper applicant to be so licensed.

IT IS THEREFORE FINALLY ORDERED AND DETERMINED by the Superintendent of the Indiana State Police Department that the application for a license to sell firearms of SACKS BROTHERS LOAN COMPANY, INC. be, and by this order is, hereby denied.

It is familiar law that the final determination of an agency is fatally defective if not supported by specific findings of fact capable of supporting the conclusion reached. *Financial Institutions v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248; *Carlton v. Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337; *Wolfe v. Review Board of Indiana Employment Security Division* (1978), 176 Ind.App. 287, 375 N.E.2d 652; *City of Indianapolis v. Ingram* (1978), 176 Ind.App. 645, 377 N.E.2d 877.

The reasons for such a requirement have been said to be:   to facilitate judicial review, avoid judicial usurpation of administrative functions, assure more careful administrative consideration, help parties plan their case for rehearing and judicial review and to keep agencies within their jurisdictions.

Absent sufficient findings of fact from which the court may base a review of these conclusions, the determinations of the agencies have been remanded for further findings of fact. *Indiana Stream Pollution Control Board v. United States Steel Corporation* (1974), 262 Ind. 199, 313 N.E.2d 693; *Wolfe, supra.*

An examination of the scanty findings of fact made by DeBard does not disclose the factual basis on which DeBard rested his conclusion that Sacks was "not a proper person to be so licensed." Thus, the findings are inadequate, i.e., they were not specific enough for the trial court to intelligently review DeBard's decision.

Therefore, the trial court's judgment affirming DeBard's decision is reversed and this case remanded to the trial court to direct DeBard to make sufficient findings of fact and for further proceedings consistent herewith.

Sullivan, J. concurs.

Lowdermilk, J. (by designation) concurs.

NOTE — Reported at 381 N.E.2d 119.