**INDIANA CIVIL RIGHTS COMMISSION, David L. Staples, Everrett J. Coleman, Loren O. Blaase, Lee A. Shelton, Mary E. Wyatt, Dr. Nedra Kinerk, and John C. Carvey, Members of Aforesaid Civil Rights Commission, and Linda Moore, Appellants (Defendants Below),**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW and United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Local Union No. 499, Appellees (Plaintiffs Below).**

No. 2–1077A386.

Court of Appeals of Indiana, Second District.

Feb. 19, 1979.

Rehearing Denied April 3, 1979.

---

Theo. L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Robert W. Lange, Indianapolis, for appellants.

Lynnville G. Miles, Miles & Associates, Indianapolis, for appellees.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendants-appellants, the Indiana Civil Rights Commission and certain members

thereof (ICRC), and Linda Moore (Moore) appeal from the trial court judgment which denied their motion to dismiss and set aside the ICRC order which found that the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (the International) and the local union thereof (Local 499) engaged in an unlawful discriminatory practice within the meaning of Ind.Code 22–9–1–3(*l*) and 22–9–1–6(k)(1).

We reverse.

## FACTS

Moore, a secretary for Local 499, was dismissed from her employment because she married a member of the Local in apparent violation of a collective bargaining agreement between Local 499 and her union.[1]

Moore filed a complaint with the ICRC contending that by enforcing that section of the collective bargaining agreement Local 499 discriminated against her because of her sex. At the hearing on May 16, 1975, neither the International nor Local 499 appeared, and the ICRC entered an order of default. Following the subsequent hearing on damages the ICRC entered its final order against the International and Local 499.

The International and Local 499 filed petitions for judicial review on January 16, 1976 in the Delaware County Circuit Court against the ICRC. Moore was permitted to intervene and the cases were consolidated. The unions timely filed motions for extension of time within which to file the transcript of proceedings before the ICRC, pursuant to Ind.Code 4–22–1–14. The court granted an extension until March 5, 1976. The transcript was not filed within the granted extension. On August 26, 1976, Moore filed a motion to dismiss the petitions for review for failure to file a transcript within the extended time. On October 6, 1976 the record of proceedings was filed, and on April 28, 1977 the motion to dismiss was denied. Motions for summary

1. The Office and Professional Employees International Union, Local No. 1.

judgment were filed by Moore and each union, and on April 28, 1977 the trial court granted the unions' motions.

## ISSUES

A decision in this case can be reached by deciding only one of the six issues presented:

Did the trial court err in denying appellant's motion to dismiss for failure of the unions to timely file a transcript?

The ICRC and Moore contend that because the unions failed to file a transcript of the proceedings before the ICRC as required by Ind.Code 4–22–1–14, the reviewing court did not become vested with jurisdiction over the cause. The unions argue that they did receive a first timely extension of the statutory limitation for filing of the transcript, and that by accepting the transcript after the extended deadline and by overruling appellants' motion to dismiss, the court again extended the time for filing until and including the day on which the transcript was filed.

## DECISION

CONCLUSION—Because the unions did not file a transcript of the proceedings within the extended time authorized by the court, the trial court should have sustained Moore's motion to dismiss the petitions for review.

 Proceedings in judicial review from a decision of the Civil Rights Commission are governed by the Administrative Adjudication Act. Ind.Code 22–9–1–4(b). This Act provides in part:

Any party or person so filing such verified petition for review with such court shall within fifteen [15] days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency including the order or administrative adjudication sought to be reviewed and file the same with the clerk of such court in which such action for review is pending. *An extension of time in which to file such transcript shall be granted by said court in which such ac-* *tion for review is pending for good cause shown.* *Inability to obtain such transcript within time shall be good cause. Failure to file such transcript within said period of fifteen [15] days, or to secure an extension of time therefor, shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding.* (emphasis supplied)

Ind.Code 4–22–1–14.

Indiana cases have long held that in an action for judicial review of an administrative determination compliance with statutory requirements is a condition precedent to the exercise of review jurisdiction by a trial court. Failure to comply with the statutory mandate is jurisdictional. *Gleason v. Real Estate Commission* (1973), 157 Ind.App. 344, 300 N.E.2d 116; *Indiana State Personnel Board v. Parkman* (1969), 252 Ind. 44, 245 N.E.2d 153; *White v. Board of Medical Registration and Examination* (1956), 235 Ind. 572, 134 N.E.2d 556. *Also see Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646.

As Judge Sharp said in *Gleason,* "the failure to file such a transcript within 15 days or an authorized extension *shall* be cause for dismissal. . . . All these provisions are required by Section 14 of the Administrative Adjudication Act, Ind.Ann. Stat. § 63–3014 (1961 Repl.), to give the court jurisdiction of the cause."

The "good cause shown" requirement logically applies, as the statute is written, both to initial and subsequent extensions of time. The obvious legislative purpose is to expedite appeals by only allowing extensions for good cause shown.

As the record reveals no showing whatsoever of good cause to explain the failure to file the transcript by the initial extension date, the decision of the trial court denying the motion to dismiss the petitions was in error.

The judgment is reversed.

SHIELDS and SULLIVAN, JJ., concur.