Mervin E. DRAKE, Plaintiff-Appellant,

v.

INDIANA DEPARTMENT OF NATURAL RESOURCES, et al, W.L. Dillier, Francis M. Pierce, Defendant-Appellees.

No. 1–183A2.

Court of Appeals of Indiana, First District.

Sept. 1, 1983.

Rehearings Denied Sept. 29, 30, 1983.

See also, Ind.App., 453 N.E.2d 288.

Ronald L. Drake, Washington, D.C., Ronald S. Lieber, Indianapolis, for appellant.

Robert G. Lowry, Mark Leo Reed, Lowry & Reed, Sullivan, for W.L. Dillier and Francis M. Pierce.

Linley E. Pearson, Atty. Gen., Daniel P. Miller, Deputy Atty. Gen., Indianapolis, for Indiana Dept. of Natural Resources Com'n, et al.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant landowner, Mervin D. Drake (Drake), appeals from the dismissal of his action for judicial review in favor of respondent-appellee, the Indiana Natural Resources Commission (Agency), and intervening respondent-appellee drillers, W.L. Dillier and Francis M. Pierce (Drillers). The Hendricks Circuit Court granted Drillers' motion to dismiss.

We affirm.

## STATEMENT OF THE FACTS

Drillers are the owners and operators of an oil and gas lease on the subject 20 acre tract of land located in Sullivan County, Indiana. Drake, along with his wife, is the owner of the real estate which encompasses the leasehold. One oil well was drilled on the twenty acre unit and has remained in production since 1951. On September 8, 1980, Drillers filed with Agency's Division of Oil & Gas an application for a permit to drill a second oil well, Douglas-Drake # 3, on the tract, thus creating two ten acre units. On September 15, Drillers filed a "Petition for Exception of Paragraph 31–B of the Rules and Regulations affecting Oil and Gas Operations in the State of Indiana." 310 IAC 7–1–31(B) provides for twenty acre drilling units in limestone reservoirs, allowing one oil well per drilling unit. On October 3, the Sullivan Daily Times published notice that the Oil and Gas Division of the Department of Natural Re-

sources had received from Drillers a request for an exception and that a public hearing on same would be held on October 15. Following this hearing, Agency issued a permit authorizing Drillers' action on Douglas-Drake # 3, on October 24. Drilling commenced on November 30, 1980.

On February 22, 1982, Drake filed a petition for judicial review with the Marion Circuit Court, naming Agency as the defendant. On June 3, Drake moved to add necessary party defendants and to amend his petition for review. The trial court granted the motion and Drake filed an amended petition for judicial review, adding Drillers as party defendants, on July 2. On August 9, Drillers filed a motion to dismiss pursuant to Ind. Rules of Procedure, T.R. 12(B)(1), 12(B)(3), and 12(B)(6). Drake filed a response to Drillers' motion on August 23, and Drillers replied on August 30. On October 18, 1982, the Hendricks Circuit Court, having received venue on a motion to change from Marion Circuit Court, granted Drillers' motion to dismiss. Drake appeals from this dismissal.

## ISSUES

Restated, the issues presented by Drake for review are:

I. Whether a cause of action arising out of an order by an administrative agency, based on a denial of due process, may be pursued in equity, or at common law, without regard to the requirements of the AAA pertaining to judicial review;

II. Whether a cause of action, based on an agency's lack of statutory authority to take the action complained of, may be pursued without regard to the requirements of the AAA;

III. Whether a cause of action, based on an applicant's lack of standing to request the administrative action complained of, may be pursued without regard to the requirements of the AAA;

IV. Whether a cause of action, based on trespass and unlawful removal of oil, in compliance with an order by an administrative agency, may be pursued with regard to the requirements of the AAA;

V. Whether the trial court erred in dismissing Drake's action for judicial review.

Issues I, II and III will be discussed together.

## DISCUSSION AND DECISION

*Issues I, II, and III.*

 Drake argues that each of these issues, denial of due process, the Agency's lack of statutory authority to act, and Drillers' lack of standing to request the administrative action complained of, presents a cause of action which may be determined without regard to the AAA. However, until a party has exhausted the available administrative channels, a court has no jurisdiction to bestow equitable or common law relief. *Public Service Commission of Indiana v. City of Indianapolis,* (1956) 235 Ind. 70, 131 N.E.2d 308; *South Bend Federation of Teachers v. National Education Association,* (1979) 180 Ind.App. 299, 389 N.E.2d 23. This rule of "exhaustion of administrative remedies" will be departed from only where the statutory provisions are inadequate to protect and preserve the substantive rights of the parties, as where a statute is charged to be void on its face or where irreparable injury would result. *Bowen v. Sonnenburg,* (1980) Ind.App., 411 N.E.2d 390.

The standard of review which a court must follow in reviewing an order by an administrative agency is stated in Ind.Code 4–22–1–18 as follows:

"On such judicial review such court shall not try or determine said cause de novo but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act. On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed. If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment." (Footnotes omitted)

The AAA restricts access to the courts even though the agency takes action affecting "rights, duties, obligations, privileges or other legal relations"; including constitutional rights and duties. Ind.Code 4–22–1–3; *Thompson v. Medical Licensing Board,* (1979) 180 Ind.App. 333, 389 N.E.2d 43.

 In the present case, the means of judicial review provided by the AAA are adequate to determine issues I, II, and III presented by Drake on appeal. Specifically, a determination by an administrative agency that it has authority to act may be reviewed by the trial court in accordance with the AAA. *State ex rel. Paynter v. Marion County Superior Court,* (1976) 264 Ind. 345, 344 N.E.2d 846. Review of an administrative determination to grant a permit is governed by the AAA. *State ex rel. Calumet National Bank of Hammond v. McCord,* (1963) 243 Ind. 626, 189 N.E.2d 583.

Likewise, review of an alleged denial of due process in making an administrative determination is governed by the AAA. *See Department of Financial Institutions v. Colonial Bank & Trust Company,* (1978) 176 Ind.App. 368, 375 N.E.2d 285. Thus, Drake must pursue any administrative remedies available through judicial review under Ind. Code 4–22–1–1 et seq., in lieu of bringing an action for common law or equitable relief.

*Issue IV.*

■ Drake seeks to recover at common law or in equity for the alleged trespass and wrongful removal of oil by Drillers. However, this court notes that such complaint was not raised in Drake's motion to correct errors and is therefore waived on appeal. *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686; *State v. Holder,* (1973) 260 Ind. 336, 295 N.E.2d 799.

*Issue V.*

■ Drake alleges that Agency failed to provide him with notice of its proceedings regarding Drillers' application for a permit and exception to drill Douglas-Drake # 3, as required by Ind.Code 4–22–1–25. Drake further alleges error through Agency's failure to notify him of its final determination under Ind.Code 4–22–1–14 and 4–22–1–6. Drake argues that the Agency's failure to provide notice constitutes a denial of due process and exempts him from the procedural requirements of Ind.Code 4–22–1–4 pertaining to judicial review. We do not agree.

■ We admit an administrative agency may not disregard its own rules in derogation of statutory or constitutional rights. *Indiana Alcoholic Beverage Commission v. McShane,* (1976) 170 Ind.App. 586, 354 N.E.2d 259. However, we need not reach the question of whether the Agency violated its procedural rules in the present case. Such issue could properly have been decided by the trial court upon judicial review, had Drake complied with the jurisdictional requirements found in Ind.Code 4–22–1–14, which states:

"Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

*Said petition for review shall be filed within fifteen (15) days after receipt of notice that such order, decision or determination is made by any such agency.* Notice shall be given in the manner prescribed by section 6 of this act. *Unless a proceeding for review is commenced by so filing such petition within fifteen (15) days any and all rights of judicial review and all rights of recourse to the courts shall terminate.*

Written notice of the filing of such verified petition for review and a copy of said petition shall be personally served upon the agency and the attorney-general. Where the agency consists of more than one (1) member it shall be personally served upon the secretary or chairman of such agency.

*Any party or person so filing such verified petition for review with such court shall within fifteen (15) days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency* including the order or

administrative adjudication sought to be reviewed and *file the same with the clerk of such court in which such action for review is pending. An extension of time in which to file such transcript shall be granted by said court in which such action for review is pending for good cause shown.* Inability to obtain such transcript within time shall be good cause. *Failure to file such transcript within said period of fifteen (15) days, or to secure an extension of time therefor, shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding.* Where more than one (1) person may be aggrieved by the administrative adjudication only one (1) proceeding for review may be had and the court in which a petition for review is first properly filed shall have jurisdiction. All persons who were parties to the hearing before the agency shall be made parties to the petition for review and shall be notified thereof by the person filing such petition." (Emphasis added; footnotes omitted)

Compliance with these statutory requirements is a condition precedent to the exercise of review jurisdiction by a trial court, over an administrative determination. *Gleason v. Real Estate Commission ex rel. Lewis,* (1973) 157 Ind.App. 344, 300 N.E.2d 116.

▮ Drake argues that compliance with these statutory requirements was waived because Agency did not provide him with notice of its final determination. Drake cites *Solar Sources v. Air Pollution Control Board,* (1980) Ind.App., 409 N.E.2d 1136, as authority. However, this court in *Solar Sources* held only that an agency's failure to provide notice of a final determination tolled the fifteen day period in which to file a petition for judicial review. In the present case, the trial court accepted Drake's petition, filed on February 22, 1982, although it was not timely. Agency had granted the exception and issued a permit to drill Douglas-Drake # 3 on October 24, 1980. Thereafter, drilling commenced on October 30. Following Ind.Code 4–22–1–14,

the trial court could have determined that Drake's right to judicial review had terminated and that it could no longer exercise its review jurisdiction. However, whether a trial court has jurisdiction over a particular proceeding is a question of fact which that court has the power to decide. *State ex rel. Sacks Brothers Loan Co. v. DeBard,* (1978) 177 Ind.App. 679, 381 N.E.2d 119. Thus, we must assume that the trial court determined it had jurisdiction over Drake's action for judicial review at the time that the petition was filed, recognizing that *Solar Sources, supra,* had tolled the fifteen day requirement if indeed Drake had wrongfully been denied notice of the Agency's final determination. At this point, any alleged lack of notice had not impaired Drake's right to full review of the Agency's action by the trial court. If Drake had been deprived of due process, under Ind. Code 4–22–1–18, the trial court had the power to rectify the error and restore Drake's rights.

▮ However, Drake still had a duty to "secure" a transcript of the Agency's proceedings and file it with the trial court within fifteen days of the filing of his petition. The record shows that no such transcript was ever filed. Timely filing of the transcript is wholly dependent on the date the petition for review is filed. The date on which notice of the Agency's determination is received has no bearing on the filing of the transcript. Therefore, Drake's subsequent carelessness in failing to file a transcript of the administrative proceedings cannot be excused by an alleged denial of due process. Drake did not attempt to "secure" the transcript and did not request an extension either. The failure to timely file a transcript of the administrative proceedings in an action for judicial review is grounds for dismissal based on a lack of jurisdiction. *Indiana Civil Rights Commission v. International Union,* (1979) 179 Ind. App. 407, 385 N.E.2d 1176. Without some type of transcript, the trial court cannot review the action taken by the administrative agency. The reviewing court may not conduct a trial in the usual sense. Rather,

the facts must be "considered and determined exclusively upon the record filed..." Ind.Code 4–22–1–18; *City of Plymouth v. Stream Pollution Control Board,* (1958) 238 Ind. 439, 151 N.E.2d 626. If a transcript was not available, or if Drake was not aware of the existence of a transcript, he was still bound to notify the court and request an extension of time in which to secure one. This would have prompted the Agency to prepare a transcript of the proceedings previously held or to conduct a hearing, at which time testimony could be heard, recorded, and later transcribed. This procedure was advocated in *State ex rel. Ale House, Inc. v. Rueger,* (1980) Ind.App., 406 N.E.2d 292.

If Drake was entitled to notice of Agency's proceedings and final determination, absence of order book entries showing notice sent and received, or lack of Drake's testimony at any administrative hearings, would have indicated to the trial court that Drake had been denied due process. Pursuant to Ind.Code 4–22–1–18, the trial court could then have remanded the matter to the Agency for further proceedings, providing Drake with an opportunity to object and present testimony on his behalf. Under the circumstances, the trial court had nothing to review and no choice other than to grant Drillers' motion to dismiss based on a lack of jurisdiction.[1]

This case is distinguishable from *Wilson v. Board of Indiana Employment Security Division,* (1979) 270 Ind. 302, 385 N.E.2d 438, where the appellant was allowed to bypass available administrative channels and bring suit in circuit court based on a denial of constitutional due process. In that case, the procedures for suspending and terminating unemployment compensation benefits were challenged as being unconstitutional. The appellant did not raise her individual denial of benefits as the er-

ror; rather, the issue presented was a purely legal one. Drake claims, on the other hand, that the Agency violated its own regulations and the AAA in determining this particular case. Thus, a factual issue is presented and the AAA requirements for judicial review must be followed.

Drake failed to file a transcript of the administrative proceedings or obtain an extension as mandated by Ind.Code 4–22–1–14. Therefore, the trial court lacked jurisdiction of the matter and properly granted Drillers' motion to dismiss.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.

---

1. We note that Drillers' motion to dismiss was based on both a lack of jurisdiction and failure to state a good claim for relief. The trial court did not specify the grounds relied upon for the dismissal. However, Drake has not argued this issue and seems to assume dismissal was based on lack of jurisdiction. Accordingly, Drake has

waived any possible error made by the trial court if dismissal was based on his failure to state a claim, and we will not discuss it. Ind. Rules of Procedure, Appellate Rule 8.3(A)(F); *In re Adoption of McNiece,* (1982) Ind.App., 432 N.E.2d 440.