**INDIANAPOLIS YELLOW CAB, INC.,**
**Appellant (Petitioner Below),**

v.

**The INDIANA CIVIL RIGHTS**
**COMMISSION, Appellee**
**(Respondent Below).**

**No. 49A02–9003–CV–182.**

Court of Appeals of Indiana,
Second District.

April 29, 1991.

David T. Hasbrook, Indianapolis, for appellant.

Jacquelyn Thompson, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Indianapolis Yellow Cab, Inc. appeals the trial court's dismissal for lack of jurisdiction of its petition for judicial review of a final order of the Indiana Civil Rights Commission.

We affirm.

## ISSUE

Yellow Cab raises several issues on appeal; however, because one issue is dispositive, whether the trial court had jurisdiction over Yellow Cab's petition for judicial review, we address only that issue.

## FACTS

Amarjit Singh Sher is Indian by birth and practices the Sikh religion. He desired to lease a taxicab from Indianapolis Yellow Cab, Inc. and requested to be trained as a driver. The manager advised Sher he could not drive a Yellow Cab vehicle unless he removed the turban that covered his head. Sher filed a complaint of religious discrimination with the Indiana Civil Rights Commission against Yellow Cab. After a hearing on the merits, the hearing officer entered recommended findings of fact, conclusions of law, and a proposed order determining Yellow Cab had engaged in religious discrimination. Oral argument was heard on Yellow Cab's objection to the recommendations. The Commission adopted the hearing officer's recommendations.

On January 17, 1989 Yellow Cab filed a verified petition for review with the trial court. The record of the agency proceedings was filed on February 17, 1989. On March 10, 1989 Sher filed a motion for leave to file a corrected order. A commissioner who did not attend the Commission hearing had mistakenly signed the final order. A hearing was held and the trial court granted the motion. The corrected

order was filed with the trial court on June 30, 1989. On September 27, 1989 Sher moved to dismiss Yellow Cab's petition on the basis the petition and record were not timely filed. The trial court found the record was not timely filed and dismissed the petition. Yellow Cab appeals.

## DISCUSSION

### I.

■ The trial court does not have jurisdiction to entertain Yellow Cab's petition for judicial review.

Proceedings before the Commission and judicial review thereof are governed by the Administrative Orders and Procedures Act, IC 4–21.5–1–1 *et seq.* In relevant part this Act provides the petitioner "shall transmit to the court the ... agency record for judicial review" within thirty (30) days after the petition is filed unless further time is allowed by the court or other law. IC 4–21.5–5–13(a) (1988). "Failure to file the record within the time ... is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." IC 4–21.5–5–13(b) (1988).

■ Failure to comply with this statutory mandate is jurisdictional and delay in asserting the defect is not fatal. *Indiana Civil Rights Commission v. International Union, United Automobile, Aerospace and Agricultural Implement Works of America* (1979), 179 Ind.App. 407, 385 N.E.2d 1176. In *International Union* [1] the petition for judicial review was filed on January 16, 1976. An extension of time to file the record was granted until March 5, 1976 but the record was not filed by that date. The complainant did not file a motion to dismiss the petition for judicial review for failing to file the record in a timely manner until August 26, 1976, almost six months later. That delay did not forestall this court from reversing the reviewing court's denial of the motion to dismiss: "As [this court] said in *Gleason [v. Real Estate Commission* (1973), 157 Ind. App. 344, 300 N.E.2d 116], ... 'All these provisions are required by [the predecessor Act] to give the court jurisdiction of the cause.'" 385 N.E.2d at 1178. *See State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459, 464 ("Because the fifteen-day time requirement is jurisdictional ... we cannot waive the requirement in order to allow ... complaints to be reviewed...."). Furthermore, however the jurisdictional defect is categorized, because the reviewing court can *sua sponte* dismiss the petition it is apparent the defect is one that can be raised at any time and one to which the parties cannot consent.

■ Yellow Cab also argues the record was timely filed because the trial court's grant of Sher's motion for leave to correct the Commission's final order effectively extended the filing deadlines. Yellow Cab argues the Commission's correction on February 24, 1989 of the mistaken signature on its final order constituted the final agency action in the case and, pursuant to IC 4–21.5–5–5, Yellow Cab had thirty (30) days from that date to file its petition for judicial review, or until March 26, 1989.

■ The correction of a signature on the order was procedural rather than substantive and did not constitute a formal agency action. An agency, such as the Commission, does not have jurisdiction to modify a final order after a reviewing court assumes jurisdiction. IC 4–21.5–3–31(a)(3) (1988). However, an agency can correct a clerical mistake or other similar error as can a trial court. *See e.g.* Ind.Trial Rule 60(A). IC 4–21.5–3–31(d) (1988) provides "[c]lerical mistakes and other errors resulting from oversight or omission in a final order ... may be corrected by an ultimate authority ... on the motion of any party."

■ Hence, the Commission's action in correcting its previously entered final order could not constitute an act which would

---

1. The relevant statute in *International Union* provided, in part: "Failure to file such transcript within [fifteen days of the filing of the verified petition for review] or to secure an extension of time therefore, shall be cause for dismissal of such petition for review by the court...." IC 4–22–1–14 (1982) (repealed).

have commenced anew the time for filing a transcript because the Commission was without authority to enter a final order. Furthermore, the time for filing the record commences with the filing of the petition for judicial review. Here, that petition was filed January 17, 1989 and the record was due February 16, 1989. It was not filed until February 17, 1989.

The trial court properly dismissed Yellow Cab's petition for lack of jurisdiction. *Drake v. Indiana Dept. of Natural Resources* (1983), Ind.App., 453 N.E.2d 293.

Judgment affirmed.

BUCHANAN and CONOVER, JJ., concur.