**INDIANA STATE BOARD OF HEALTH FACILITY ADMINISTRATORS, Appellant–Respondent,**

v.

**Angela WERNER, H.F.A., Appellee–Petitioner.**

No. 49A02–0505–CV–375.

Court of Appeals of Indiana.

April 20, 2006.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellant.

J. Richard Keifer, Karl L. Mulvaney, Nana Quay–Smith, Bingham McHale, LLP, Indianapolis, for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

The Indiana State Board of Health Administrator's ("the Board") petitions for rehearing following our opinion in *Indiana State Board of Health Facility Administrators v. Werner*, 841 N.E.2d 1196 (Ind. Ct.App.2006). We grant the Board's petition for rehearing; however, we reaffirm our opinion in all regards. We issue this opinion on rehearing to clarify our earlier opinion and to address an argument raised by the Board for the first time in its petition for rehearing.

The Board first contends that "a closer look" at certain cases is warranted. Rehearing Pet. p. 3. We disagree. As they were cited in our opinion, we are well aware of *Clendening v. Indiana Family and Soc. Servs. Admin.*, 715 N.E.2d 903, 904 (Ind.Ct.App.1999); *Park v. Med. Licensing Bd. of Indiana*, 656 N.E.2d 1176, 1178 (Ind.Ct.App.1995), *trans. denied* (1996); *Indianapolis Yellow Cab, Inc. v. Indiana Civil Rights Comm'n*, 570 N.E.2d 940, 942 (Ind.Ct.App.1991), *trans. denied*; *Seattle Painting Co. v. Comm'r of Labor*, 661 N.E.2d 596, 597 (Ind.Ct.App.1996), *trans. denied*.[1] In those cases, timely motions to dismiss were filed and, therefore, their outcomes did not turn on whether the trial courts had acquired subject matter jurisdiction or jurisdiction over the case.

The issue before us in this case is whether the jurisdiction issue was waived by the Board's failure to timely raise it. As we explained in our opinion, the answer to this question turns on whether the failure to timely file an agency record deprives a court of subject matter jurisdiction or jurisdiction over the case.[2]

It is well settled that the time provisions of Indiana Code Section 4–21.5–5–13 are mandatory and a condition precedent to a trial court acquiring jurisdiction to consider a petition for judicial review. *Indiana State Bd. of Educ. v. Brownsburg Cmty. School Corp.*, 813 N.E.2d 330, 333 (Ind.Ct.App.2004). What type of jurisdiction the trial court is deprived of, however, is unclear. On appeal and again on rehearing the Board urges that the failure to

---

1. To the extent that these cases hold that a trial court loses subject matter jurisdiction "as a matter of law simply by the passage of time," Rehearing Pet. p. 3, as the Board suggests, we decline to follow them for the reasons given today and in our earlier opinion.

2. "When a court lacks subject matter jurisdiction, its actions are void ab initio and may be challenged at any time." *Allen v. Proksch*, 832 N.E.2d 1080, 1095 (Ind.Ct.App.2005). On the other hand, a judgment rendered by a court that lacks jurisdiction over the case is voidable and requires a timely objection or a subsequent challenge to the lack of jurisdiction over the case is waived. *Id.*

comply with the statutory requirements deprives trial courts of subject matter jurisdiction. In support of its position, the Board cites for the first time on rehearing *Indiana Department of Highways v. Dixon*, 541 N.E.2d 877, 879 (Ind.1989), in which our supreme court addressed in part whether Dixon's petition for judicial review was timely filed. As dicta, our supreme court summarily observed:

> In an action for judicial review of an administrative determination, statutory compliance is a condition precedent to subject matter jurisdiction in the trial court. *City of South Bend v. Brooksfield Farm* (1981), Ind.App., 418 N.E.2d 305. The provisions concerning time are mandatory and a condition precedent to a court acquiring jurisdiction where review is sought from an administrative determination. *State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459.

*Id.* More recently, however, our supreme court noted that an important principle of administrative law is that the failure to comply strictly with the jurisdictional requirements embodied in the statute providing for judicial review prevents a trial court for acquiring jurisdiction of the parties or the particular cause. *Shipshewana Convenience Corp. v. Bd. of Zoning Appeals of LaGrange County*, 656 N.E.2d 812, 813 n. 9 (Ind.1995); *see also Chandler v. Bd. of Zoning Appeals of Evansville and Vanderburgh County*, 658 N.E.2d 80, 81 (Ind.1995) (reaffirming the "important principle of administrative law that where there is a failure to comply strictly with the jurisdictional requirements embodied in the statute . . . a trial court does not acquire jurisdiction of the parties or the particular case" and concluding that "strict compliance with jurisdictional requirements embodied in the statute are required for a trial court to acquire jurisdiction").

These cases did not address whether a challenge to the trial court's jurisdiction was waived because that issue was not timely raised. In fact, in these cases, motions to dismiss were filed.[3] For that reason, these cases are not directly on point. Nevertheless, we emphasize that our supreme court more recently specifically stated that the failure to comply with statutory requirements affects a trial court's jurisdiction over the parties and the cause and did not mention subject matter jurisdiction. *See Shipshewana*, 656 N.E.2d at 813 n. 9; *Chandler*, 658 N.E.2d at 81.

What we take from all of these cases is that the issue of whether statutory compliance goes to subject matter jurisdiction or jurisdiction over the case is not as straightforward as the Board contends. For example, in the case relied on by the *Dixon* court for the proposition that a trial court does not acquire subject matter jurisdiction, we stated, "In an action for judicial review of an administrative determination, compliance with statutory requirements is a condition precedent to the exercise of 'review jurisdiction' by the trial court." *City of South Bend v. Brooksfield Farm*, 418 N.E.2d 305, 307 (Ind.Ct.App. 1981) (quoting *Gleason v. Real Estate Commission ex rel. Lewis*, 157 Ind.App. 344, 346, 300 N.E.2d 116, 117 (1973)). "Failure to comply with the statutory mandate is jurisdictional." *Id.*

---

**3.** In the sub-heading of this argument, the Board argues, "Decisions of our Supreme Court found that failure to comply with the statutory mandates of AOPA deprives the trial court of subject matter jurisdiction, even where no motion to dismiss was filed." Rehearing Pet. p. 4. We note, however, that because the Department was required to come forward with evidence to establish that Dixon had received notice on a certain date and did not, the trial court did not err in denying its "motion to dismiss for lack of subject matter jurisdiction." *Dixon*, 541 N.E.2d at 880.

In *Gleason,* on which many cases have relied, a panel of the court cited to *White v. Board of Medical Registration and Examination of Ind.,* 235 Ind. 572, 577, 134 N.E.2d 556, 560 (1956), in which our supreme court observed without citation, "A failure to perfect an appeal from a court within time deprives the court of review of jurisdiction of the subject matter of the particular appeal." The *Gleason* court also cited *Indiana State Personnel Board v. Parkman,* 252 Ind. 44, 49, 245 N.E.2d 153, 156 (1969), in which our supreme concluded that certain provisions of the Administrative Adjudication Act, including the timely filing of the record, are required to give the court "jurisdiction of the cause."

To further confuse matters, in *Ballman v. Duffecy,* 230 Ind. 220, 229, 102 N.E.2d 646, 650 (1952), our supreme court observed, "[A] court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case." In this case, however, the court went on to state, "A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case." *Id.,* 102 N.E.2d at 650.

More recently, in *Indiana Department of Environmental Management v. Bethlehem Steel Corp.,* 703 N.E.2d 680, 682 (Ind. Ct.App.1998), the party seeking judicial review filed a timely petition, but the petition did not include the statutorily required information. Observing that the failure to satisfy the statutory requirements is a jurisdictional defect, we concluded that the trial court failed to obtain jurisdiction of the particular case and that Bethlehem's motion to dismiss was properly granted. *Id.* at 682–83.

Finally, in *Indiana Civil Rights Commission. v. City of Muncie,* 459 N.E.2d 411, 416 (Ind.Ct.App.1984), we addressed the Commission's claim that the trial court lacked jurisdiction to review this case because the City failed to timely file the record of proceedings. We concluded, "Furthermore, while filing the transcript is jurisdictional, it is a matter of jurisdiction over the particular case, and may be waived." *Id.* Because it did not appear from the record that any timely objection was made to the City's first two requests for time extensions, the Commission's failure to timely object constituted a waiver of any objection to the grant of those extensions. *Id.* We held that the trial court properly assumed jurisdiction over the case. *Id.*

Based on the muddied distinctions between subject matter jurisdiction and jurisdiction over the case, as illustrated by these cases, we reject the Board's attempt to oversimplify the issue. Accordingly, we rest on our discussion of the two types of jurisdiction in our original opinion. We reaffirm our conclusion that Werner's untimely motion for extension of time to file the agency record affected the trial court's jurisdiction over the case, and the Board's failure to object at the earliest opportunity waives this issue.

■ This conclusion remains unaffected by the Board's argument that there is no principled reason to distinguish the timely filing of an agency record from the exhaustion of administrative remedies. Initially, we point out that the board raises this issue for the first time on rehearing, and an issue raised for the first time on rehearing is waived. *See Holmes v. ACandS, Inc.,* 711 N.E.2d 1289, 1290 (Ind. Ct.App.1999), *trans. denied.*

■ Waiver notwithstanding, the failure to exhaust administrative remedies undoubtedly affects a trial court's subject matter jurisdiction on judicial review.

*Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 984 (Ind.2005) ("Failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction."). However, in addition to the specific statutory mandate that a party seeking judicial review exhaust administrative remedies,[4] exhaustion serves many practical purposes. "The reasons for this requirement are well established: (1) premature litigation may be avoided; (2) an adequate record for judicial review may be compiled; and (3) agencies retain the opportunity and autonomy to correct their own errors." *Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839, 844 (Ind. 2003).

Depriving a trial court of subject matter jurisdiction where an agency record is untimely filed does not advance these goals. Unlike the failure to exhaust administrative remedies, the filing of an untimely record does not encourage premature litigation nor does it deny an agency of the opportunity and autonomy to correct its own error. To the extent that the late filing of an agency record deprives the trial court of an adequate record for judicial review, a timely motion to dismiss would prevent a party from having to litigate where the record was inadequate. If the untimely filing of the record hampered judicial review, the Board could have moved for dismissal. The Board did not. The Board has not established that the requirement that agency records be timely filed serves the same purposes as the exhaustion of remedies requirement.

The Board's petition for rehearing is granted. We affirm our original opinion in all respects.

SHARPNACK, J., concurs.

RILEY, J., would deny petition for rehearing.

---

4. Indiana Code Section 4–21.5–5–4(a) specifically provides, "A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review."