# FOR PUBLICATION



**FILED**
Oct 08 2013, 5:21 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHEN R. CREASON**
Chief Counsel
Indianapolis, Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**SARA R. BLEVINS**
**MATTHEW S. TARKINGTON**
Lewis & Kappes, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

INDIANA STATE ETHICS COMMISSION, an agency of )
the State of Indiana, OFFICE OF INSPECTOR GENERAL, )
an agency of the State of Indiana, and DAVID THOMAS, )
in his official capacity as Inspector General, )
                               )
     Appellants-Respondents, )
                               )
          vs. )   No. 49A02-1301-PL-12
                               )
PATRICIA SANCHEZ, )
                               )
     Appellee-Petitioner. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1206-PL-23262

**October 8, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

The Indiana State Ethics Commission ("the Ethics Commission"), the Office of Inspector General ("OIG"), and David Thomas, in his official capacity as Indiana's Inspector General (collectively referred to as "the Appellants"), appeal the trial court's reversal of the Ethics Commission's Final Report against Patricia Sanchez. The Appellants raise four issues for our review, but we need address only the following two issues:

1. Whether the Ethics Commission was prohibited by the doctrine of res judicata from reconsidering the trial court's prior decision that the State's evidence against Sanchez had been seized without probable cause.

2. Whether the trial court erroneously determined that remanding to the Ethics Commission would be futile.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

From April 2008 to January 2010, Sanchez worked as the Director of the Indiana Commission of Hispanic/Latino Affairs for the Indiana Department of Workforce Development ("DWD"). In January of 2010, the DWD terminated Sanchez's employment. Following her termination, three items belonging to the DWD were reported to the OIG as missing: a 26-inch Toshiba television-DVD combo; a luggage cart; and a label maker. The total value of the three missing items was slightly more than $400. Andrea Simmons, Chelsea Stauch, and Kristin Garvey, other DWD employees, each last saw the missing items in Sanchez's possession.

OIG Special Agent Charles Coffin interviewed Simmons, Stauch, and Garvey. Based on those interviews, on March 24, 2010, more than three months after Sanchez's dismissal, Special Agent Coffin sought and procured a search warrant for Sanchez's residence and automobile in an attempt to locate the missing items. He found the television plugged into a wall in Sanchez's living room and connected to her son's computer as a monitor. He found the label maker in Sanchez's bedroom, and he found the luggage cart in her automobile. Sanchez also voluntarily relinquished a power cord for her State-issued Blackberry phone.

Thereafter, the State, through the Marion County Prosecutor's Office, filed felony theft charges against Sanchez for her failure to remit to the DWD its property upon her termination. Sanchez filed a motion to suppress the State's evidence. The trial court concluded that the OIG had obtained and executed its search warrant based on stale information, and it granted Sanchez's motion to suppress in February of 2011 ("the suppression order"). In particular, the trial court ordered "all evidence seized as a result of this warrant, including statements in relation to [the] seizure and evidence of any nature connected to the execution of this warrant[,] is hereby excluded." Appellants' App. at 98.[1] The State did not appeal the suppression order, and the prosecutor dismissed the charges against Sanchez.

On May 12, 2011, the State, through the OIG, filed a complaint with the Ethics Commission. According to the complaint, Sanchez had violated the Indiana Administrative Code when she "ma[d]e use of [S]tate property for purposes other than

---

[1] Some of the pages of the Appellants' Appendix are out of order.

official [S]tate business[,] which was not otherwise permitted . . . ." Id. at 55.  Special Agent Coffin attached a probable cause affidavit to the complaint, in which he noted only the following:  that Sanchez's employment was terminated in January of 2010; that the missing items were last seen in her possession; and that, in March of 2010, he had obtained a search warrant for Sanchez's residence and car,[2] in which he had discovered the missing property.  See id. at 102-03.  Special Agent Coffin did not inform the Ethics Commission of the suppression order and he did not specifically reference his interviews with Simmons, Stauch, or Garvey.  That same day, pursuant to Indiana Code Section 4-2-6-4(b)(2)(C) the Ethics Commission concluded that the complaint was supported by probable cause and scheduled the complaint for a public hearing.

On April 12, the day of the public hearing, the Ethics Commission held a preliminary hearing on a motion to suppress the evidence filed by Sanchez.  In particular, Sanchez sought to have the evidence seized pursuant to the March 2010 warrant suppressed for having been seized without probable cause.  Sanchez also argued that the Ethics Commission lacked the authority to reconsider the suppression order.  The Ethics Commission denied Sanchez's motion to suppress the evidence.

Thereafter, the Ethics Commission held its hearing on the complaint.  At the hearing, the Ethics Commission received testimony from Simmons and Special Agent Coffin along with the physical evidence.  On May 10, the Ethics Commission issued its Final Report, in which it found that Sanchez had violated the Indiana Administrative

---

[2]  On appeal, the Appellants assert that the automobile belonged to Sanchez's son and, as such, she lacks standing to challenge the admissibility of the evidence seized from it.  But this argument is merely a roundabout way for the Appellants to ignore the trial court's earlier suppression order, which, as explained below, they may not do.

4

Code's prohibition on the personal use of State property. The Ethics Commission then sanctioned Sanchez by barring her from future employment with the State.

On June 8, Sanchez filed her petition for judicial review in the trial court. On December 7, 2012, the trial court entered findings of fact and conclusions thereon and reversed the Final Report of the Ethics Commission. In particular, the trial court concluded that the suppression order constituted a binding decision on the question of probable cause and that the Ethics Commission had no discretion to ignore that order either in its determination that the OIG's complaint was supported by probable cause or in its decision on Sanchez's motion to suppress; that the Administrative Orders and Procedures Act required application of the exclusionary rule to the inadmissible evidence; that the Ethics Commission's conclusions were not supported by substantial, admissible evidence; that the proceedings before the Ethics Commission violated Sanchez's right to be free from double jeopardy[3]; that her sanction was "excessive and unconstitutional," id. at 243; and that remanding the matter to the Ethics Commission for further consideration "would be futile in this case" since "[t]his is an action that should never have been," id. at 246. This appeal ensued.

---

[3] Insofar as the trial court concluded that the proceedings before the Ethics Commission violated Sanchez's double jeopardy rights, the trial court erred. It is "the well-known rule that jeopardy attaches when a jury has been impaneled and sworn." Bryant v. State, 660 N.E.2d 290, 299 (Ind. 1995); see also Ind. Code § 35-38-4-2(5) (permitting the State to appeal "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution."). Because Sanchez's criminal case did not proceed to the point of a jury being impaneled and sworn, no jeopardy attached to that proceeding.

## DISCUSSION AND DECISION

### Issue One:  <u>Res</u> <u>Judicata</u>

This appeal is governed by the Administrative Orders and Procedures Act ("AOPA"):

> [AOPA] applies to the review of administrative decisions. In <u>Equicor Development, Inc. v. Westfield-Washington Township Plan Commission</u>, 758 N.E.2d 34, 36-37 (Ind. 2001), our Supreme Court stated the applicable standard of review as follows:
>
>> Indiana Code [S]ection 4-21.5-5-14 prescribes the scope of court review of an administrative decision.  That section provides that a court may provide relief only if the agency action is:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Section 4-21.5-5-14(a) further provides that "the burden of demonstrating the invalidity of the agency action is on the party . . . asserting invalidity."  In reviewing an administrative decision, a court is not to try the facts de novo or substitute its own judgment for that of the agency.  This statutory standard mirrors the standard long followed by this Court.

<u>Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control, Inc.</u>, 916 N.E.2d 168, 178 (Ind. Ct. App. 2009) (citations omitted), <u>trans. denied</u>.

The Appellants assert that the trial court erred when it granted Sanchez's petition for judicial review on the rationale that the OIG's complaint was not supported by probable cause.  On this issue, the trial court concluded that the Ethics Commission was collaterally estopped from determining that the OIG's complaint was supported by

probable cause.[4]  This is a question of law and, as such, we review it de novo.  Ghosh v. Ind. State Ethics Comm'n, 930 N.E.2d 23, 26 (Ind. 2010).

According to Indiana Code Section 4-2-6-4(b)(2), the Ethics Commission shall conduct its proceedings in the following manner:

(A) When a complaint is filed with the commission, the commission may:

(i) reject, without further proceedings, a complaint that the commission considers frivolous or inconsequential;

(ii) reject, without further proceedings, a complaint that the commission is satisfied has been dealt with appropriately by an agency;

(iii) upon the vote of four (4) members, determine that the complaint does not allege facts sufficient to constitute a violation of this chapter or the code of ethics and dismiss the complaint; or

(iv) forward a copy of the complaint to the attorney general, the prosecuting attorney of the county in which the alleged violation occurred, the state board of accounts, a state officer, the appointing authority, or other appropriate person for action, and stay the commission's proceedings pending the other action.

* * *

(C) If the complaint is not disposed of under clause (A), the commission may promptly refer the alleged violation for additional investigation by the inspector general.  If the commission finds by a majority vote that probable cause exists to support an alleged violation, it shall set a public hearing on the matter.  The respondent shall be notified within fifteen (15) days of the commission's determination.  Except as provided in this section, the commission's evidence relating to an investigation is confidential.

---

[4]  In particular, the trial court concluded that the Ethics Commission was estopped under the doctrine of stare decisis.  However, we decide this issue under the mandatory doctrine of res judicata.  See Appellee's Br. at 9-10 n.5.

7

(Emphases added.)  See also LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257-58 (Ind. 2000) (nothing that the Ethics Commission determines whether a complaint should proceed to a public hearing "using a probable cause standard").

Here, we first consider the Appellants' assertion that the trial court erred when it concluded that the suppression order was binding on the Ethics Commission.  In particular, the Appellants assert that Special Agent Coffin's affidavit in support of the ethics complaint established probable cause.  The Appellants then state that it is the "exclusive jurisdiction . . . of the Commission to receive all evidence of an alleged violation of the Code of Ethics and to make a determination thereon of whether probable cause exists to proceed to a public hearing on the complaint."  Appellants' Br. at 24.[5]

The Appellants' argument is analogous to the argument of the Department of Correction ("DOC") in Becker v. State, ___ N.E.2d ___, No. 45S03-1301-CR-9 (Ind. Aug. 22, 2013).  In that case, defendant Becker petitioned the trial court to relieve him of certain sex offender registry obligations under the Ex Post Facto Clause of the Indiana Constitution.  The trial court granted his petition in a 2008 Order, and the State, through the local prosecutor, did not appeal.  Then, in 2011, Becker sought clarification from the trial court of the 2008 Order regarding another provision of his sex offender registry requirements.  Becker and the local prosecutor entered into an Agreed Order that granted his request for clarification, and the trial court approved the agreement.

---

[5] In support of this assertion, the Appellants cite LTV Steel Co., 730 N.E.2d at 1258, in which our supreme court recognized that the Ethics Commission has "exclusive jurisdiction to establish a code of ethics for the conduct of state business and to adjudicate alleged violations thereof."  (Citations omitted.)  That language does not support the Appellants' assertion that the Ethics Commission has "exclusive jurisdiction" to determine the existence of probable cause.

Two weeks later, the Indiana Supreme Court held the Ex Post Facto Clause did not apply in the manner in which Becker and the State had agreed. See Lemmon v. Harris, 949 N.E.2d 803 (Ind. 2011). Accordingly, the State, through the DOC, intervened in Becker's case and sought to have the 2008 Order reversed. The trial court granted the DOC's request.

Becker appealed, and the Indiana Supreme Court reversed. In particular, the court held that, "when the State (via a local prosecutor) fails to appeal an adverse sex-offender registration ruling, the State (via the DOC) becomes bound by it under principles of res judicata." Becker, ___ N.E.2d at ___, slip op. at 2. The court reasoned as follows:

> Res judicata, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.
>
> The DOC does not dispute that the 2008 Order was a final judgment, but instead challenges its privity with the prosecutor. "[A] 'privy' is one who after rendition of [a] judgment has acquired an interest in the subject matter affected by the judgment," or "whose interests are represented by a party to the action." "[A]n entity does not have to control a prior action . . . for privity to exist." "[I]n determining the parties for res judicata purposes, [the] court looks beyond the nominal parties and treats those whose interest[s] are involved as the real parties." Under that standard, the DOC is in privity with the prosecutor, and is therefore bound by the prosecutor's failure to appeal the 2008 Order's final judgment about Becker's SVP status.
>
> The DOC argues that it and the Deputy Attorneys General who ordinarily represent it have special expertise in the law governing administration of the sex offender registry, so that its interests are not "adequately represented" by a local prosecutor. But this argument misunderstands res judicata terminology. "Adequate representation" is not about the qualifications of the attorneys, but the commonality of the parties' substantial interests. Here, the prosecutor had the same substantial interest in the 2008 proceedings as the DOC—keeping Becker on the registry under the heightened SVP requirements. The prosecutor therefore also had the

9

same incentive as the DOC to appeal from the adverse ruling in the 2008 Order, and yet it failed to do so. Indeed, the prosecutor objected to the relief granted to Becker in 2008 on precisely the same ex post facto grounds the DOC now seeks to reargue—grounds that might have been vindicated in this case instead of Harris, had the 2008 Order been appealed. Since the DOC's interests were more than "adequately represented" by the local prosecutor, they are in privity for purposes of res judicata, and so the 2008 Order—and the failure to appeal from it—are binding against the DOC.

Id. at 4-5 (emphases added; citations omitted; alterations original). The court added:

If the res judicata shoe were on the other foot in this case, Becker would be hard-pressed to avoid its preclusive effects. There is, after all, only one of him, with no alter egos to intervene on his behalf if a law later changed in a way favorable to his position. Final judgments in a criminal case should be similarly binding against "the State"—not just the prosecutor, but also the various alter egos of the State whose substantial interests are adequately represented by the prosecutor. In this case, the DOC is also "the State"— not because it is a State agency, but because it has the same substantial interests as the prosecutor in maximizing a sex offender's registration obligations. The DOC, being in privity with the prosecutor, is thus bound by the unappealed 2008 final judgment in Becker's favor.

Id. at 6 (emphasis added).

Here, again, the Appellants argue that the Ethics Commission had "exclusive jurisdiction" to determine "whether probable cause exists to proceed to a public hearing on the complaint." Appellants' Br. at 24. In Becker, the DOC argued that it had "special expertise in the law governing administration of the sex offender registry" and, as such, it was not bound by the prosecutor's earlier actions. Becker, slip op. at 5. We are not persuaded that the Ethics Commission is in a better position—let alone an exclusive one—than Indiana's trial courts to determine probable cause. But, even if it were, an agency's special expertise does not allow it to ignore its privy's prior, adequate representation of the same issue before a competent tribunal. See id. at 4-5.

10

The State does not get a second bite at the apple to determine whether its evidence against Sanchez was supported by probable cause. The prosecutor had the same substantial interest at the criminal suppression hearing that the OIG had when it asked the Ethics Commission to find that the ethics complaint was supported by probable cause. In particular, the prosecutor attempted to show that the information underlying the State's seizure had not gone stale by the time the OIG sought and executed its search warrant. Further, the OIG's probable cause affidavit in support of its ethics complaint relied exclusively on the same evidence that was suppressed by the trial court in its suppression order.[6] Thus, the local prosecutor had the same incentive as the OIG to appeal from the adverse suppression order, but he failed to do so.

Since the OIG's interests were more than adequately represented by the prosecutor, they are in privity for purposes of res judicata and the prosecutor's failure to appeal from the suppression order is binding against the OIG. The State may not hide behind its alter egos. "Final judgments in a criminal case should be similarly binding against 'the State'—not just the prosecutor, but also the various alter egos of the State whose substantial interests are adequately represented by the prosecutor." Id. at 6. The OIG, being in privity with the prosecutor, was bound by the unappealed suppression order in Sanchez's favor.

---

[6] Indeed, the OIG's probable cause affidavit to the Ethics Commission actually described fewer facts than the prosecutor had relied on since the OIG did not describe the witnesses' testimony, even though the OIG later relied on Simmons' testimony at the public hearing before the Ethics Commission. We do not approve of the OIG's failure to inform the Ethics Commission of all the material facts relevant to the question of probable cause, most notably the existence of the suppression order, in the OIG's probable cause affidavit. It is well established that "a probable cause affidavit must include all material facts," including "those that 'cast doubt on the existence of probable cause.'" Ware v. State, 859 N.E.2d 708, 718 (Ind. Ct. App. 2007) (citation omitted), trans. denied.

Still, the Appellants assert that the trial court lacked subject matter jurisdiction for judicial review because the AOPA does not apply to the OIG's "decision to issue or not issue a complaint . . . ." Ind. Code § 4-21.5-2-5(8). But the OIG's decision to "issue" the complaint is not in question. Rather, the trial court concluded that the Ethics Commission erred when it determined that the OIG's complaint was supported by probable cause because that determination was an impermissible collateral attack on the trial court's earlier suppression order. That question was within the trial court's subject matter jurisdiction, see Ghosh, 930 N.E.2d at 26, and, as explained above, the trial court was correct in its judgment. Thus, since the OIG's complaint was not supported by probable cause in the first instance, we affirm the trial court's reversal of the Ethics Commission's Final Report.

## Issue Two: Remedy

Finally, we also agree with the trial court's judgment that remanding for a new hearing before the Ethics Commission would be "futile" since the OIG's complaint was not supported by probable cause. Appellants' App. at 246. When an agency's action has been reversed on judicial review, remand is usually the appropriate disposition. Ind. State Bd. of Health Adm'rs v. Werner, 841 N.E.2d 1196, 1209 (Ind. Ct. App. 2006) (discussing Indiana Code Section 4-21.5-5-15), clarified on other grounds on reh'g, 846 N.E.2d 669, trans. denied. However, "remand is not always appropriate." Id. In particular, a court on review may avoid remanding to the agency where doing so "would be pointless." Id.

12

Remanding on these facts would be pointless. Pursuant to Indiana Code Section 4-2-6-4(b)(2), if the OIG's ethics complaint is not supported by probable cause the Ethics Commission may either "dismiss the complaint," I.C. § 4-2-6-4(b)(2)(A)(iii), or "refer the alleged violation for additional investigation by the inspector general," I.C. § 4-2-6-4(b)(2)(C). But there is nothing left for the inspector general to investigate here. As explained above, the trial court in the earlier criminal action found the information underlying the OIG's ethics complaint to be stale and the evidence seized based on that information to be without probable cause. Those conclusions are only more true with the ensuing passage of time. Thus, the only option left for the Ethics Commission would be for it to formally dismiss the complaint. But we need not remand for mere formality. We affirm the trial court's judgment.

Affirmed.

MATHIAS, J., and BROWN, J., concur.