Kathleen REGESTER, R.N., Appellant
(Petitioner Below),

v.

INDIANA STATE BOARD OF NURSING,
Appellee (Respondent Below).

No. 06S04–9807–CV–389.

Supreme Court of Indiana.

Dec. 16, 1998.

William E. Daily, Danville, for Appellant.

Jeffrey A. Modisett, Attorney General, Jon B. Laramore, Priscilla J. Fossum, Deputy Attorneys General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

The Indiana State Board of Nursing suspended the nursing license of appellant Kathleen Regester, R.N. Regester sought judicial review of the suspension. The trial court denied Regester's petition and "affirmed" the Board's decision. The Court of Appeals reversed, *Regester v. Indiana State Bd. of Nursing*, 689 N.E.2d 477, 478 (Ind.Ct.App. 1997), and the Board petitioned this Court for transfer, which was granted. We affirm the trial court.

Regester raised four issues on appeal, which we consolidate into these three:

1. Whether the Indiana State Board of Nursing had jurisdiction to hear the case against her;

2. Whether the orders issued in her case complied with proper statutory procedure; and

3. Whether these was substantial evidence to support the suspension of her license.

### Factual Background and Procedural History

According to the Board, the agency proceedings began with a citizen's complaint alleging that Regester had written prescriptions without a prescriptive license. The Board claims—and Regester does not appear to contest—that this informal complaint was first filed with the Board, and then forwarded to the director of the Division of Consumer Protection.

On September 4, 1996, the Board found that Regester, a registered nurse without a prescriptive license, wrote prescriptions for family members and for herself, signing various doctors' names without their permission. When confronted by her employer, she admitted that she was addicted to a pain killer that she had prescribed for herself, and she voluntarily entered treatment for chemical dependency. The Board found that her conduct was fraudulent or materially deceptive, that she rendered services beyond her training or experience, and that she continued to practice although unfit due to addiction to or abuse of drugs; it suspended her license indefinitely. The suspension order provided that Regester could apply for reinstatement after six months had passed.

Regester filed a verified petition for judicial review on October 7, 1996. Although the trial court characterized the Board's suspension of Regester's license as a "close call," it denied the request for relief and affirmed that decision. (R. at 60–61.) The Court of Appeals reversed, holding that the Board lacked jurisdiction over Regester's case because the record did not contain proof that the citizen's complaint had been filed with the Board. *Regester*, 689 N.E.2d at 479.

## Standard of Review

In her brief, Regester correctly notes that the scope of judicial review of an agency action is "severely limited." When reviewing an administrative agency action, a court shall grant relief *only* if the person seeking such relief has been prejudiced by an agency action that is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

Ind.Code Ann. § 4–21.5–5–14(d) (West 1991). Regester argues that the Board's action violated subsection (d) in three ways: that it was in excess of its jurisdiction, without observance of proper procedure, and unsupported by substantial evidence.

## I. Jurisdiction

█ In support of her argument that the Board lacked jurisdiction in her case, Regester cites two provisions of the Indiana Code chapter on the investigation and prosecution of complaints concerning regulated occupations, Ind.Code § 25–1–7–4 and Ind.Code § 25–1–7–5.[1] She claims a jurisdictional defect because there is no evidence that a citizen's complaint was (1) filed with the director of the consumer protection division, (2) investigated by the director, and (3) then submitted to the Board by the director.

1. According to Ind.Code Ann. § 25–1–7–4 (West 1993), "All complaints must be written and signed by the complainant and initially filed with the director." According to Ind.Code Ann. § 25–1–7–5 (West 1993), "A copy of a complaint having merit shall be submitted to the board having jurisdiction over the licensee's regulated occupation, that board thereby acquiring jurisdiction over the matter...."

2. The Attorney General charged Regester with writing prescriptions for family and friends without a license and with writing a prescription for a controlled substance for herself.

The Board asserts that in this case, instead of filing first with the director, who then should forward the complaint to the Board, "the citizen initially contacted the Nursing Board, [and] the Board provided the complaint to the Director...." (Board's Pet. for Reh'g at 2; Board's Br. in Opp'n to Petitioner's Pet. for Jud. Rev., R. at 52.)[2] Rather than arguing that the complaint did not in fact reach both the director and the Board, Regester instead relies on the sequence in which the complaint was passed through the system to support her jurisdictional argument.

█ The burden of demonstrating the invalidity of an agency action is on the party asserting the invalidity. *Natural Resources Comm'n v. AMAX Coal Co.,* 638 N.E.2d 418 (Ind.1994). While Regester has drawn our attention to statutory language indicating that a citizen should file a complaint first with the Division of Consumer Protection, which may then submit it to the Board, we are not persuaded that paper flowing in the opposite direction creates a jurisdictional defect. Regester has neither provided any evidence that the relevant authorities did not receive the complaint, nor has she articulated any reason to oust the Board because a citizen thought first to complain to the licensing board. While the absence of the citizen's complaint in the administrative record could be an indication that no such complaint was filed, Regester has not made that argument here.[3] For all that appears, the director and the Board had the complaint. Regester did not meet her burden of demonstrating the invalidity of the Board's jurisdiction.

3. Our statutes do not require that the complaint be included in the record. Indiana Code section 25–1–7–5(1) merely requires that a copy of the complaint be submitted to the Board, not necessarily that it be a part of the record. In fact, the statutory scheme stresses confidentiality concerning the complaint. Ind.Code Ann. § 25–1–7–10 (West 1993) ("Unless required to do so under law or in furtherance of an investigation, no person in the employ of the office of the attorney general or any of the boards, nor any person not a party to the complaint, shall disclose or further a disclosure of information concerning the complaint.").

## II. Proper Procedure

Regester makes three arguments that the Board's orders do not comply with proper procedure: (1) the executive director issued orders rather than simply executing them at the request of the Board; (2) the Board's order does not rely upon specific findings of fact; and (3) the reviewing court's order does not rely on specific findings of fact.

■ Regester contends that the executive director of the Health Professions Bureau acted outside the scope of her duties by issuing all the orders in the course of the agency proceeding, including the final order suspending Regester's license. While an "executive director may *execute* orders" on behalf of the Board when requested to do so, Ind.Code Ann. § 25–1–5–5(g) (West Supp. 1998) (emphasis added), Regester argues that the executive director here *issued* orders. We disagree. On their face, the orders indicate that the executive director was acting under the direction of the Board. (*See* R. at 77, 80, 91, 130 (orders contain an indication that they were issued by the Indiana State Board of Nursing)); R. at 78, 81, 93, 130 (orders signed "INDIANA STATE BOARD OF NURSING BY: Laura Langford"). As such, the Board, not the executive director, disciplined Regester. The orders were properly issued.

■ Regester also challenges the Board's final order suspending her license, claiming that the findings that accompany the order are not specific enough to satisfy the procedural requirements of Indiana Code section 4–21.5–3–27(b). She argues that the findings fail "to inform the parties of the evidentiary bases upon which the ultimate findings rest, and to allow for meaningful review by the courts." (Appellant's Br. at 12.) Again, we disagree.

■ Indiana Code section 4–21.5–3–27(b) states: "The order must include, separately stated, findings of fact for all aspects of the order . . . . Findings of ultimate fact must be accompanied by a concise statement of the underlying basic facts of record to support the findings." While this Court has never specified a particular method for determining the adequacy of findings under this section, we find merit in the Court of Appeals' observation that the findings must inform the parties of the evidentiary bases upon which the ultimate findings rest and must allow for meaningful judicial review. *Glaser v. Indiana State Dep't of Public Welfare*, 512 N.E.2d 1128, 1133 (Ind.Ct.App.1987). In this case, the Board made certain particular findings of fact ("The prescriptions that Regester wrote for herself were for controlled substances that she admitted abusing," R. at 127–28), several broader findings ("Regester did not have authorization for these prescriptions," R. at 127–28), and the ultimate finding (that Regester should be suspended, R. at 130). These were adequate.

■ Finally, Regester challenges the reviewing court's order denying judicial review on the basis that the "court failed in [its] statutory obligation to provide specific findings of fact." (Appellant's Br. at 13.) The judge's order stated:

> It is apparent from the Court's review of the transcript that the decision made by the Indiana State Board of Nursing was what may be characterized as a 'close call.' The Board certainly did not act precipitously and, as evidenced by the record, gave considered judgment to its decision. The hearing was fair. Due process was observed. But in the final analysis this Court concludes that the Board had jurisdiction to make its decision, that all procedural requirements were adhered to, and that the resulting decision was in all regards legally entered.

(R. at 60–61.)

■ The Indiana Code gives courts slightly differing instructions when it comes to findings. On the one hand, the Code says that judicial review is largely confined to the agency record and that the court "may not try the cause de novo or substitute its judgment for that of the agency." Ind.Code Ann. § 4–21.5–5–11 (West 1991). ' This seems consistent with the directive that relief may be granted only under fairly serious circumstances, such as arbitrary and capricious action or the absence of substantial evidence. Ind.Code Ann. § 4–21.5–5–14(d) (West 1991). Given these constraints, the command that a

court makes "findings of fact on every material issue", Ind.Code Ann. § 4–21.5–5–14(c) (West 1991), cannot be understood to require the same sort of findings of fact and conclusions of law that a trial court might enter to decide the merits of a matter on the civil plenary docket. Rather, judicial review findings must be adequate to demonstrate that the court has undertaken to assess the claims for judicial relief that are before it. The trial court's findings in this case are unusually brief, but they satisfy us, in light of the underlying record, that the court considered and ruled on the chief questions before it.

### III. Substantial Evidence

 Regester claims that the Board's findings and order are not supported by substantial evidence.

 In our review of the administrative record, we neither substitute our judgment on factual matters for that of the Board, nor do we reweigh the evidence. *John Malone Enterprises v. Schaeffer*, 674 N.E.2d 599 (Ind.Ct.App.1996); *Medical Licensing Bd. v. Robertson*, 563 N.E.2d 168 (Ind.Ct.App.1990). Instead we read the record in the light most favorable to the administrative proceedings, and we do not disturb the Board's conclusion so long as there is substantial evidence to support that determination. *John Malone Enterprises*, 674 N.E.2d at 605 "Under [the substantial evidence] standard, the reviewing court may vacate a board's decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by the board are clearly erroneous." *City of Indianapolis v. Hargis*, 588 N.E.2d 496, 498 (Ind.1992).

The evidence in this case provides substantial support for the Board's decision. Regester's testimony alone establishes the basis for the Board's suspension of her license. She admitted that she wrote prescriptions for herself and for members of her family without a prescriptive license, signing the names of doctors who had neither examined the patients nor given permission for the prescriptions. She also admitted that her use of the pain medication she prescribed for herself resulted in a drug abuse problem for which she entered a drug treatment program. Regester's license suspension was supported by substantial evidence.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.