ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Elizabeth Rogers
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA
PROSECUTING ATTORNEYS COUNCIL
David N. Powell
J. Thomas Parker
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Sara R. Blevins
Matthew S. Tarkington
Indianapolis, Indiana



FILED
Oct 16 2014, 12:16 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1402-PL-80

INDIANA STATE ETHICS COMMISSION,
OFFICE OF INSPECTOR GENERAL, AND DAVID
THOMAS, IN HIS OFFICIAL CAPACITY AS
INSPECTOR GENERAL,

*Appellants (Respondents below),*

v.

PATRICIA SANCHEZ,

*Appellee (Petitioner below).*

Appeal from the Marion Superior Court, No. 49D03-1206-PL-23262
The Honorable Patrick L. McCarty, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1301-PL-12

**October 16, 2014**

**Massa, Justice.**

When Patricia Sanchez was fired from her job at the Indiana Department of Workforce Development, she kept several items of state property in her possession. She was charged with theft, but those charges were dismissed. The State initiated an ethics proceeding against her, determined her conduct ran afoul of an administrative rule, and barred her from future State executive branch employment. We are asked to review that adjudication and sanction. Because we find the proceeding was properly before the Commission, there was sufficient evidence to support the Commission's determination, and the sanction was within the Commission's discretion, we affirm the Commission's decision.

## Facts and Procedural History

In 2008, Patricia Sanchez became Director of the Indiana Commission of Hispanic/Latino Affairs, a division of the Indiana Department of Workforce Development. Her tenure was tumultuous, however, and in January 2010, DWD fired her for alleged misconduct including ghost employment, procurement violations, insubordination, poor job performance, and generally toxic behavior. Subsequently, DWD notified the Office of Inspector General that Sanchez had committed procurement violations, and Special Agent Charles Coffin began investigating the matter.

During the course of his investigation, Special Agent Coffin learned three items of State property had gone missing around the time Sanchez was fired: a television set, a luggage cart, and a label maker. All three items were last seen in Sanchez's possession. Sanchez's former assistant last saw the television set in Sanchez's apartment during a private holiday party, where Sanchez was using it to show children's videos. And two other employees who shared office space with the Commission also identified the television they saw at the holiday party as the one belonging to the Commission. Similarly, DWD staff saw Sanchez use the luggage cart to transport her personal belongings from her office to her son's car on the day she was fired. Finally, DWD staff stated Sanchez had kept the label maker in her office, but after she was terminated, they could not find it. Based upon this information, on March 24, 2010, Special Agent Coffin obtained a search

warrant for Sanchez's apartment and her son's car and executed it the following day. He found all three items, as well as a cable for Sanchez's State-issued smart phone, in Sanchez's possession.

The Marion County Prosecutor filed criminal charges against Sanchez, alleging she committed theft and official misconduct. In January 2011, Sanchez moved to suppress the fruits of the search, arguing the information in the warrant was stale. The new judge to whom the case was assigned granted her motion and suppressed the evidence found in the search, as well as all derivative evidence and statements. The prosecutor did not appeal that ruling but rather dismissed the criminal charges against Sanchez.

On May 12, 2011, the OIG filed an ethics complaint against Sanchez alleging she violated 42 Indiana Administrative Code 1-5-12 (2004), which provides:

> A state officer, employee, or special state appointee shall not make use of state materials, funds, property, personnel, facilities, or equipment for any purpose other than for official state business unless the use is expressly permitted by a general written agency, departmental, or institutional policy or regulation.

At a probable cause hearing before the Commission, Special Agent Coffin testified regarding his investigation, the criminal proceeding, and the suppression. He also cited a 2008 DWD policy regarding personal use of state resources that provided: "An employee may not make private use of any state property that has been removed from state facilities or other official duty stations, even if there is no cost to the state." App. at 191–92. The Commission found probable cause to support the complaint and set the matter for adjudication at a public hearing. Sanchez moved to suppress the evidence recovered from the search, arguing the criminal court's suppression order was binding upon the Commission. The Commission denied Sanchez's motion, and after the adjudicative hearing, it issued a final report finding she did commit the alleged violation. Accordingly, it barred her from future State executive branch employment.

Sanchez filed a petition for judicial review in the Marion Superior Court. The trial court granted her petition, vacated the Commission's report, and ordered the Commission to lift the

sanction.  The Commission appealed, but a panel of our Court of Appeals affirmed the trial court.  Ind. State Ethics Comm'n v. Sanchez, 997 N.E.2d 16, 23 (Ind. Ct. App. 2013).

We granted transfer.  Ind. State Ethics Comm'n v. Sanchez, 3 N.E.3d 540 (Ind. 2014) (table); Ind. Appellate Rule 58(A).

### Standard of Review

When we review an administrative agency's decision, we stand in the trial court's shoes.  Filter Specialists, Inc. v. Brooks, 906 N.E.2d 835, 844 (Ind. 2009).  As in the trial court, "the burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity."  Ind. Code § 4-21.5-5-14(a) (2012).[1]  The trial court may reverse the agency's action

---

[1] Sanchez contends that because she prevailed in the trial court, the Commission must shoulder the burden of proof on appeal.  To support this contention, she cites Ind. State Bd. of Health Facility Adm'rs v. Werner, 841 N.E.2d 1196, clarified on reh'g, 846 N.E.2d 669 (Ind. Ct. App. 2006).  In that case, which arose out of a complaint against a health facility administrator, an Administrative Law Judge issued detailed findings and conclusions and recommended a mild sanction.  Id. at 1198–1202.  The State objected, and the Board rejected the ALJ's findings and conclusions and imposed a much harsher sanction.  Id. at 1203.  The administrator then objected on the ground the sanction was unsupported by any findings and conclusions, so the Board voted to adopt the ALJ's findings and conclusions wholesale but kept the harsh sanction in place.  Id.  The administrator sought judicial review, and the trial court reversed the Board's decision on the ground it was arbitrary, capricious, and an abuse of discretion:  "Although the Board adopted the findings and conclusions of the ALJ, it imposed a sanction inconsistent with those findings and conclusions without holding another hearing at which it could evaluate all of the evidence and observe the witnesses firsthand."  Id.  The Board appealed, and a panel of our Court of Appeals affirmed the trial court in part.  Id. at 1210.  The panel made the standard of review very clear:  "The burden of demonstrating the invalidity of agency action is on the party seeking judicial review."  Id. at 1206 (citing Ind. Code § 4-21.5-5-14(a)).

Sanchez argues that in spite of that unambiguous language, the Werner panel actually placed the burden of proof on the Board, pointing to this language:  "Because the Board failed to explain its decision to impose a significantly more severe sanction than that recommended by the ALJ, we conclude the trial court properly granted Werner's petition for judicial review."  Id. at 1209.  But a thorough reading of the

> only if it determines that a person seeking judicial relief has been prejudiced by an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d). We do not reweigh the evidence; rather, we consider the record in the light most favorable to the Commission's decision. Regester v. Ind. State Bd. of Nursing, 703 N.E.2d 147, 151 (Ind. 1998). We will affirm the Commission unless its conclusions are clearly erroneous. Id.

## The Trial Court Should Have Affirmed the Commission's Decision.

Sanchez's petition for judicial review asserts myriad grounds for relief. We address each in turn.

### A. Double Jeopardy Does Not Bar the Proceeding Before the Commission.

As a threshold matter, Sanchez argues the entire proceeding before the Commission was a violation of her federal and state constitutional rights to be free from double jeopardy. But even if an administrative proceeding constitutes "jeopardy" for the purpose of the applicable constitutional provisions—and we express no opinion on that issue today—her argument is unavailing. We have often stated that jeopardy attaches when a jury has been impaneled and sworn. See, e.g., Livingston v. State, 544 N.E.2d 1364, 1366 (Ind. 1989) ("We start with the well

---

opinion reveals the panel was referring to the Board's failure to adopt additional or different findings and conclusions to support its harsher sanction, not to any post-hoc rationalization in the Board's appellate filings. Thus, finding no precedential support for her arguments, we decline Sanchez's invitation to depart from our well-settled allocation of the burden of proof.

established principle that a defendant is in jeopardy when the jury selected to try his cause is sworn."). Here, the criminal court dismissed the case against Sanchez before a jury was impaneled and sworn. Thus, no jeopardy could have attached.

**B. The Criminal Court's Probable Cause Determination Is Not Binding Upon the Commission.**

Sanchez also argues the Commission lacked probable cause to issue the ethics complaint against her because the criminal court determined the search warrant was not supported by probable cause. In other words, she contends the criminal court's probable cause determination was res judicata[2] upon the Commission, but this is not so.

Res judicata is a legal doctrine intended "to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." Becker v. State, 992 N.E.2d 697, 700 (Ind. 2013). It applies "where there has been a final adjudication on the merits of the same issue between the same parties." Gayheart v. Newnam Foundry Co., Inc., 271 Ind. 422, 426, 393 N.E.2d 163, 167 (1979). Stated in more detail:

---

[2] Sanchez sometimes uses the term "stare decisis" seemingly interchangeably with res judicata, but as our federal colleagues have explained before, these legal concepts are separate and distinct.

> It is res judicata that bars the same party from relitigating a case after final judgment, and the doctrine of law of the case that counsels adherence to earlier rulings in the same case. It is stare decisis that bars a different party from obtaining the overruling of a decision. The existence of different parties is assumed by the doctrine, rather than being something that takes a case outside its reach.

Bethesda Lutheran Homes & Servs., Inc. v. Born, 238 F.3d 853, 858 (7th Cir. 2001) (internal citations omitted).

> 1. the former judgment must have been rendered by a court of competent jurisdiction;
>
> 2. the former judgment must have been rendered on the merits;
>
> 3. the matter now in issue was or might have been determined in the former suit; and
>
> 4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

Chemco Transp., Inc. v. Conn, 527 N.E.2d 179, 181 (Ind. 1988). If any element is absent, res judicata does not apply. Id.

Here, the search warrant alleged Sanchez had committed theft, a criminal offense. It stated Special Agent Coffin had reason to believe that Sanchez was in possession of "property belonging to the State of Indiana over which Sanchez is exerting unauthorized control, which would amount to Theft." App. at 73; Ind. Code § 35-43-4-2(a) (Supp. 2013) ("A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft . . . ."). In its suppression order, the trial court noted about three months elapsed between the dates the items were found missing and the date the State applied for the warrant. Accordingly, it concluded the probable cause for that warrant—meaning probable cause to believe Sanchez had the items in question in her possession— was based on stale information.

In contrast, the probable cause affidavit for the ethics complaint alleged Sanchez had violated 42 Indiana Administrative Code 1-5-12, an administrative rule prohibiting unauthorized personal use of state property. Although the distinction is a fine one, the question of whether there was probable cause to believe Sanchez had State property *in her possession* at the time the State applied for its search warrant in March 2010 is not the same as the question of whether there was probable cause to believe she made unauthorized personal *use* of that property at some time either during or after her employment at DWD.

An example vividly illustrates the difference. In the Commission's Final Report, it found: "In December 2009, [Sanchez] used the television to play videos for children that attended a Christmas party she hosted at her apartment complex. Such use of the television was not for official state business." App. at 50. That finding has little relevance to the issue of whether Sanchez committed criminal theft, as she was still employed at DWD at the time and thus had permission to possess the television, but it is directly relevant to whether she committed the ethics violation of unauthorized use of state property. These are two different issues; thus, the third element of res judicata is unsatisfied, and we must reject Sanchez's argument.

Moreover, we also believe that, to a certain extent, the Ethics Commission is to State employees as the Disciplinary Commission is to members of the Indiana Bar. And we have said before that:

> Acquittal on criminal charges does not prohibit the filing of professional misconduct charges arising from the same conduct. A disciplinary action is not a criminal proceeding; the discipline of a member of the Bar of this State is independently determined from any other proceeding, even if the alleged professional impropriety involves criminal conduct.

In re Mears, 723 N.E.2d 873, 874 n.2 (Ind. 2000). In this case, at least, that same reasoning applies: the ethics proceeding is independent of the criminal proceeding, even though they arise out of related wrongful conduct.

## C. Even If the Exclusionary Rule Applies in Administrative Proceedings, There Is Substantial Independent Evidence to Support the Commission's Decision.

Sanchez also argues the Board should not have considered the evidence resulting from the search, and that without that evidence, the Commission's decision lacks adequate evidentiary support. Assuming without deciding that the exclusionary rule does apply to administrative proceedings and the Board should not have considered the evidence discovered in and arising from the search of Sanchez's home and vehicle, we believe there was enough other evidence to support the Commission's decision. At the public hearing, the Board heard testimony from Special Agent

8

Coffin that he received information regarding certain missing items of property that should have been in Sanchez's office after she was fired: the television, the luggage cart, and the label maker. The Board also received documentary evidence showing these three items were State property. Special Agent Coffin testified DWD staff could not locate any of the items after Sanchez was fired. Finally, Sanchez's assistant testified Sanchez was the only person who used the television and had it at her apartment during a private holiday party shortly before she was fired; no one had seen it since. Sanchez did not refute—or even dispute—any of this evidence.

In his opening remarks at the public hearing, the OIG representative stated:

> We believe the eye witness testimony *or* the testimony on the search warrant alone will be sufficient to sustain our burden of proof in this matter that a preponderance of the evidence will show the Respondent made use of state property for personal purposes in violation of the ethics rule against use of state property.

App. at 133 (emphasis added). We agree, and thus we must affirm the Commission's adjudication.

## D. The Sanction Was Within the Commission's Discretion.

Finally, Sanchez challenges the sanction the Commission imposed upon her, arguing it was unconstitutionally excessive in violation of the Federal Eighth Amendment and Article 1, Section 16[3] of the Indiana Constitution. But she cites no authority, and we find none, to support the proposition that barring her from future employment in a single branch of State government as a penalty for unauthorized use of State property is "cruel and unusual punishment" as that term is used in either the Federal or Indiana Constitution. She has therefore waived this argument for our

---

[3] Sanchez did not cite a specific provision of the Indiana Constitution; rather, she alleged the penalty violated "Article 1 of the Indiana Constitution," App. at 10, which has thirty-seven discrete sections on a variety of subjects including treason (Sections 28 and 29), residential quartering of soldiers (Section 34), and titles of nobility (Section 35). The trial court apparently believed she meant Article 1, Section 16, so we analyze Sanchez's claim under that section.

review. See Reed v. Reid, 980 N.E.2d 277, 297 (Ind. 2012) (finding appellant's argument waived for failure to comply with Indiana Appellate Rule 46(A)(8)(a), which requires arguments to be supported by citation to legal authority).

To the extent Sanchez argues the sanction was an abuse of discretion, we disagree. "The Ethics Commission is entitled to considerable latitude in crafting a remedy, and the amount it fixed is within the statutory parameters." Ghosh v. Ind. State Ethics Comm'n, 930 N.E.2d 23, 29 (Ind. 2010). If the Commission finds a violation of "a rule adopted under . . . IC 4-2-7" it may "bar a person from future state employment." Ind. Code § 4-2-6-12(7) (2012). The Commission concluded Sanchez "violated 42 IAC 1-5-12 when she removed state property in the form of a television, luggage cart, label maker, and Blackberry cable from DWD premises for personal use" and barred her from future state employment. App. at 51–53. 42 Indiana Administrative Code 1-5-12 was adopted pursuant to Indiana Code sections 4-2-7-3 and -5; therefore, Indiana Code section 4-2-6-12(7) authorizes the penalty the Commission imposed. Accordingly, we decline Sanchez's invitation to substitute our own judgment for that of the Commission.

**Conclusion**

We reverse the trial court and remand for further proceedings consistent with our opinion today.

Rush, C.J., and Dickson, Rucker, and David, JJ., concur.