# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

APPELLEE, PRO SE:

**JOSEPH MILLS**
Madisonville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DONALD SNEMIS, Commissioner of the Indiana Bureau of Motor Vehicles; and MELVIN WILHELM, Prosecuting Attorney, )))) | |
| Appellant-Respondents, ) | |
| ) | |
| vs. ) | No. 24A01-1408-MI-329 |
| ) | |
| JOSEPH P. MILLS, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1404-MI-289

**December 30, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Appellant/Respondent, Donald Snemis, the Commissioner of the Indiana Bureau of Motor Vehicles, and Melvin Wilhelm, Prosecuting Attorney, (collectively, "the BMV") appeal the trial court's order vacating the suspension of Appellee/Petitioner Joseph P. Mills' ("Mills") driver's license. Mills qualified as an habitual traffic violator ("HTV") in August 2008, and, as a result, the BMV notified him in January 2012 that his license would be suspended for ten years. Mills filed a petition for judicial review of the BMV's notice, arguing that it was untimely and constituted "extreme unfairness" since the BMV had waited several years after he qualified as an HTV to suspend his license. The trial court agreed that the BMV's delayed notice was unfair and vacated Mills' suspension.

On appeal, the BMV claims that there are factual errors in the trial court's findings because the trial court miscalculated the time between Mills' qualification as an HTV and the BMV's notice. The BMV also argues that the court erred in vacating Mills' suspension because the doctrine of laches does not apply to HTV adjudications. We reverse and remand with instructions for the trial court to reinstate the BMV's adjudication against Mills because we conclude that Mills had the burden of proof on appeal and did not fulfill that burden as he did not file an appellee's brief.

We reverse and remand.

## ISSUE

Whether Mills fulfilled his burden of proof that the BMV's suspension of his license was invalid.

## FACTS

On January 6, 2012, the BMV notified Mills that it was suspending his license for ten years because he had committed three motor vehicle violations qualifying him as an HTV. The convictions the BMV cited were Mills' August 18, 2000 conviction for operating a vehicle while intoxicated ("OVWI") with a prior conviction within five years; his February 5, 2002 conviction for operating a vehicle without having ever obtained a license; and his August 19, 2008 conviction for OVWI with a prior conviction within five years. The notice informed Mills that his license suspension would be effective from February 10, 2012 through February 7, 2022.

On April 11, 2014, Mills filed a Verified Petition for Judicial Review requesting the trial court to vacate his license suspension. He argued that the BMV's notice was untimely and constituted "extreme unfairness" because—according to his calculations—over nine years had passed since the date of the offense that had qualified him as an HTV. (App. 13). In support of this argument, he noted that after his conviction, the Indiana Legislature had enacted INDIANA CODE § 9-30-10-5(d), which reduced the amount of time the BMV may suspend an HTV's license if it does not suspend the license within three years of the person qualifying as an HTV. Mills also claimed that during the nine years between his third qualifying offense and the BMV's notification, he had lawfully maintained a driver's license and had entered into a profession that required a substantial amount of driving. As a result, he argued that he had demonstrated that he was no longer a threat to the safety of others and that it was extremely unfair to suspend his license.

3

On April 23, 2014, the trial court issued its order on Mills' petition. It found:

1. That in 2005, the [BMV] was notified of the opportunity to suspend [Mills'] license under [INDIANA CODE §] 9-30-10-4.

2. That the [BMV] failed to comply with the 2005 Order and did not suspend [Mills'] license under [INDIANA CODE §] 9-30-10-4 for over nine years.

3. That suspending [Mills'] license for an additional ten (10) years would constitute extreme unfairness.

(App. 15). Based on these findings, the trial court ordered the BMV to vacate Mills' suspension, reinstate his driving privileges, and allow him to obtain an appropriate license.

On May 22, 2014, the BMV filed a motion to correct error arguing that the trial court had erred in finding that the BMV had delayed Mills' suspension for nine years, because Mills was not convicted of his third qualifying offense until 2008. The BMV also argued that laches and equitable estoppel did not apply to the suspension of Mills' driving privileges.[1] The trial court did not schedule a hearing on the motion, and it was deemed denied under the Indiana Trial Rules on July 6, 2014.[2] The BMV now appeals.

## DECISION

On appeal, the BMV reiterates the arguments it raised in its motion to correct error: that (1) the trial court's findings were erroneous; and (2) the trial court erred in

---

[1] Notably, the trial court did not explicitly base its decision on laches or equitable estoppel.

[2] After the motion to correct error was deemed denied on July 6, 2014, the trial court set the matter for hearing and held a hearing on August 21, 2014. However, because the trial court clerk had already filed its notice of completion of the clerk's record on August 6, 2014, the trial court no longer had jurisdiction over the motion to correct error by the time it held its hearing. Ind. Appellate Rule 8; *In re Guardianship of Hickman*, 811 N.E.2d 843 (Ind. Ct. App. 2004) ("Generally, we acquire jurisdiction over a matter on the date the trial court clerk issues its notice of completion of the clerk's record."), *reh'g denied*, *trans. denied*.

4

vacating Mills' suspension because the doctrine of laches does not apply to the BMV's suspension of an HTV's driver's license. Alternatively, the BMV argues that, even if laches does apply, the Indiana General Assembly enacted INDIANA CODE § 9-30-10-5(d) in 2013, which now provides that if the BMV does not notify an HTV of his or her license suspension within three years, the BMV may suspend that HTV's license for only the portion of the ten year period remaining. Therefore, the BMV argues that the trial court should have reduced Mills' suspension to the time remaining rather than vacating the entire suspension.

When we review an administrative agency's decision, we stand in the trial court's shoes. *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 991 (2014). As in the trial court, "'the burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity.'" *Id.* (quoting I.C. § 4-21.5-5-14(a)). The trial court may reverse the agency's action

> [o]nly if it determines that a person seeking judicial relief has been prejudiced by an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

*Id.* at 991-92 (quoting I.C. § 4-21.5-5-14(d)). We do not reweigh the evidence; rather, we consider the record in the light most favorable to the agency's decision. *Id.* at 992. We will affirm unless the agency's conclusions are clearly erroneous. *Id.*

In *Sanchez*, our Supreme Court clarified that the burden of demonstrating the invalidity of an agency action remains on the party asserting invalidity, even on appeal.

5

*Id.* at n. 1. There, the Indiana State Ethics Commission sanctioned a former State employee, Sanchez, for her personal use of state resources. *Id.* at 991. Sanchez filed a petition for judicial review, and the trial court granted the petition and vacated the Commission's report. *Id.* On appeal to the Supreme Court, Sanchez argued that, because she had prevailed before the trial court, the Commission had the burden of proof on appeal. *Id.* at n. 1. The Supreme Court disagreed, determining that the burden of demonstrating the invalidity of an agency action remains on the party asserting invalidity on appeal, even if that party prevailed in the court below. *Id.*

Our Supreme Court's analysis in *Sanchez* controls the outcome here. The burden of proof is on Mills, who was the petitioner for judicial review in the trial court and is the appellee in this Court. However, Mills did not file an appellee's brief and, as such, cannot have met his burden of proof on appeal. Accordingly, we summarily reverse the trial court's decision and remand with instructions that the trial court reinstate the BMV's adjudication against Mills.

Reversed and Remanded.

NAJAM, J., and BAILEY, J., concur.

6