## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2019, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Tyrone L. Noble | Curtis T. Hill, Jr. |
| Michigan City, Indiana | Attorney General of Indiana |
| | Matthew B. MacKenzie |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone L. Noble, *Appellant-Defendant,* | April 25, 2019 |
| | Court of Appeals Case No. 18A-CR-1662 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Clarence D. Murray, Judge |
| | The Honorable Natalie Bokota, Magistrate |
| | Trial Court Cause No. 45G02-9807-CF-127 |

**Kirsch, Judge.**

[1] Tyrone Noble was convicted after a jury trial of felony murder and sentenced to sixty years executed in the Department of Correction. He appeals the denial of his motion to correct error, in which he alleged that he had been erroneously denied 1,562 days of pretrial credit time, and argues that the trial court abused its discretion when it denied his motion.

[2] We affirm.

## Facts and Procedural History

[3] On May 31, 2001, Noble was sentenced to sixty years in the Department of Correction for his conviction for felony murder. *Suppl. Appellant's App. Vol. 2* at 2-4. The sentencing order specifically stated that "[t]he sentence of imprisonment shall run consecutively to the sentence imposed in U.S. District Court, Northern District, Cause No. 2:97CR155 for the reason that it is mandatory pursuant to I.C. 35-50-1-2-(2)." *Id*. at 3. The sentencing order also stated that Noble "shall not be given any days [sic] credit toward the sentence of imprisonment for time spent in confinement as a result of this charge for the reason that the sentence is consecutive to the sentence imposed in . . . Cause No. 2:97CR155 in which he has been serving time since January 2000." *Id*. at 4. In the time between Noble's sentencing on May 31, 2001, and the filing of this appeal on June 28, 2018, Noble sought relief by both direct appeal and through the post-conviction process. *Id*. at 27.

[4] On July 16, 2009, Noble filed a petition for jail time credit contending that he was entitled to 1,061 days of pretrial credit time. *Id*. at 7-8. On the same date,

the trial court denied Nobel's petition for jail time credit, stating that "[t]he sentence in this case is not erroneous on its face" and that the proper procedure by which to raise his claim was a successive petition for post-conviction relief under Post-Conviction Rule 1, Section 12. *Id.* at 15. Noble did not appeal this order.

[5] On September 20, 2016, Noble filed a second motion for jail time credit, this time alleging he was entitled to 1,061 days of jail time credit confinement and 2,122 days of earned credit time for the time spent in confinement before sentencing. *Id.* at 16-17. On the same date, the trial court denied Noble's motion "for the reasons stated in this court's order of July 16, 2009." *Id.* at 20. Noble did not appeal the trial court's order.

[6] On April 27, 2018, Noble filed a third motion, a motion to correct erroneous sentence, but did not specify the amount of credit time to which he alleged to be entitled. *Id.* at 21-25. On May 3, 2018, the trial court again denied Noble's motion, reasoning that a motion to correct erroneous sentence may only be used to attack a sentence that is erroneous on its face and that Noble's sentence was not erroneous on its face. *Id.* at 27. The trial court also stated that the issues raised by Noble must be addressed in a petition for post-conviction relief and that he had previously sought post-conviction relief. *Id.* The trial court further noted that the proper procedure to raise any claim was a successive petition for post-conviction relief. *Id.*

[7] Noble filed the motion at issue in the present appeal, a motion to correct error, on May 24, 2018 and asserted that he had been denied 781 days of pretrial credit time plus 781 days of "day for day" credit. *Odyssey, Motion to Correct Error.*[1] The trial court denied the motion on May 31, 2018. Noble now appeals.

## Discussion and Decision

[8] Noble argues that the trial court abused its discretion when it denied his motion because he contends that he was unlawfully denied credit time for the time that he spent incarcerated prior to his conviction and sentencing for felony murder. Although Noble entitled his motion as a motion to correct error, it is more properly considered a motion to correct erroneous sentence. An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15.[2] *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). We review a ruling on a motion to correct erroneous sentence only for an abuse of discretion. *Hobbs v. State*, 71 N.E.3d 46, 48 (Ind. Ct. App. 2017) (citing *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind.

---

[1] The May 24, 2018 motion to correct error and the May 31, 2018 order denying that motion, which are the subject of this appeal, were not included in the record on appeal and have not been included in Noble's supplemental appendix. We were able to find these documents on Odyssey, the Indiana courts case management system, under Cause Number 45G02-9807-CF-127. *See* Ind. Appellate Rule 27 ("The Record on Appeal . . . consist[s] of the Clerk's Record and all proceedings before the trial court . . . whether or not transcribed or transmitted to the Court on Appeal."). A reference to a document found in "*Odyssey,*" will contain that designation.

[2] Indiana Code section 35-38-1-15 states:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ct. App. 2015)), *trans. denied*. We will find an abuse of discretion only if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[9] Here, Noble's claim is barred by the doctrine of res judicata. "Res judicata is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Montgomery v. State*, 58 N.E.3d 279, 280 (Ind. Ct. App. 2016) (quoting *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014)). It applies where there has been a final adjudication on the merits of the same issue between the same parties. *Id.* This is the fourth time that Noble has litigated a petition requesting credit for time he spent incarcerated pretrial for his felony murder conviction. In the present appeal, he is appealing the May 31, 2018 denial of his May 24, 2018 motion to correct erroneous sentence. Previously, he has filed petitions on July 16, 2009, September 20, 2016, and April 27, 2018, seeking the same relief as in his current motion. All of his prior petitions were denied, and he failed to appeal any of those denials. Therefore, because Noble has previously filed the exact same claims as he raised in his May 24, 2018 motion, and because these claims have already been decided, his claims are barred by the res judicata doctrine. *See Love v. State*, 22 N.E.3d 663, 664-65 (Ind. Ct. App. 2014) (finding defendant's claims barred by res judicate where defendant's claims had previously been decided), *trans. denied*.

[10]    As stated earlier, Noble's motion is properly considered as a motion to correct erroneous sentence under Indiana Code section 35-38-1-15. Our Supreme Court has held that a motion to correct erroneous sentence under that section "may only be filed to address a sentence that is 'erroneous on its face.'" *Neff*, 888 N.E.2d at 1251 (quoting *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004)). A motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction. *Id.* A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority, and claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. Sentencing errors that are not facially apparent must be raised on direct appeal or post-conviction relief. *Neff*, 888 N.E.2d at 1251.

[11]    In the present case, the trial court's sentencing order specifically stated that Noble was not to be "given any days [sic] credit toward the sentence of imprisonment for time spent in confinement as a result of this charge for the reason that the sentence is consecutive to the sentence imposed in U.S. District Court, Northern District, Cause No. 2:97CR155 in which he has been serving time since January 2000." *Suppl. Appellant's App. Vol. 2* at 4. At the time of sentencing, Noble had been serving a sentence under that federal cause number since January 2000, which was prior to his May 31, 2001, sentencing date in the

present case, and, therefore, resulted in mandatory consecutive sentences under Indiana Code section 35-50-1-2. *Id*. at 3-4.

[12] In his motion to correct erroneous sentence, Noble attached documentation from the Lake County Sheriff to support his contention that he was improperly denied credit for time spent incarcerated prior to sentencing. *Odyssey, Motion to Correct Error*. Noble's request that we examine this documentation from the Lake County Sheriff, which is separate from his sentencing order, in our review as to whether the trial court erred in denying his motion demonstrates that this is not a claim that is facially apparent. Therefore, his claim "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *See Robinson*, 805 N.E.2d at 787. In its previous denials of Noble's motions, the trial court had informed him that he must file a successive petition for post-conviction relief in order to address the issue raised. *Suppl. Appellant's App. Vol. 2* at 15, 20, 27. We conclude that the trial court did not abuse its discretion in denying Noble's motion to correct erroneous sentence.

[13] However, even if this issue was proper for a motion to correct erroneous sentence, Noble would not be entitled to relief. Noble contends that he is entitled to credit for time he was incarcerated prior to his conviction and sentencing for felony murder in the present case. However, he has already received credit for this time because he had already been sentenced for, and was serving time for, his conviction under Cause No. 2:97CR155 in the district court. Credit is to be applied for time spent in confinement that is the result of

the charge for which the defendant is being sentenced. *Stephens v. State*, 735 N.E.2d 278, 285 (Ind. Ct. App. 2000), *trans. denied*.

[14] Here, the trial court specifically declined to apply pretrial credit time to Noble's sentence because it was consecutive to his federal conviction and sentence, under which he had been serving time prior to the trial and sentencing in this case. *Suppl. Appellant's App. Vol. 2* at 3-4. Thus, the time Noble spent incarcerated awaiting trial on his felony murder charge was time he was serving his federal sentence, and he received credit for that time against the federal sentence. To award credit for this time against the sentence in the present case rather than against the aggregate of the consecutive sentences would result in more credit to which Noble was entitled and would effectively enable him to serve part of the consecutive sentences concurrently. Therefore, the trial court did not abuse its discretion in refusing to award Noble pretrial credit time and in denying his motion to correct erroneous sentence.

[15] Affirmed.

Vaidik, C.J., and Altice, J., concur.