**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2347
_____

IN RE: WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL.,
Debtors

ALAN R. BRILL,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 1-19-cv-00502)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2022
Before: MCKEE, SHWARTZ, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 23, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alan R. Brill appeals pro se from the District Court's affirmance of a Bankruptcy Court order that sustained Debtors' objection to his proofs of claim. For the following reasons, we will affirm the District Court's judgment.

I.

Before the underlying bankruptcy proceedings began, certain Debtors — Whiteacre Funding, LLC ("Whiteacre") and Woodbridge Mortgage Investment Fund 2, LLC ("Fund 2") — engaged in extensive litigation relevant to this appeal. In 2014, Whiteacre commenced a foreclosure action against ERC I, LLC to foreclose on a mortgage on a property in Indiana. Brill is the 99.9% equity owner of ERC. ERC did not challenge that it defaulted on the mortgage but raised a series of affirmative defenses and counterclaims against Whiteacre and Fund 2.[1] The state court held a trial, hearing from several witnesses and admitting hundreds of exhibits. Brill actively participated and testified at trial on behalf of ERC.

In a lengthy opinion, the state court entered judgment in favor of all counterclaim defendants on all of ERC's affirmative defenses and counterclaims, allowing Whiteacre to foreclose on ERC's property. The state court also observed that Brill controlled ERC. ERC appealed, and the Court of Appeals of Indiana affirmed the trial court's decision. ERC's petition to transfer to the Indiana Supreme Court was denied. The mortgaged property was ultimately sold at a sheriff's sale in 2017.

---

[1] ERC's claims and arguments included: estoppel, fraud, unjust enrichment, tortious interference with a business relationship, and conspiracy.

Between late 2017 and early 2018, Whiteacre and Fund 2 entered bankruptcy, along with hundreds of other affiliated Debtors. Brill subsequently filed four proofs of claim. He filed two claims on his own behalf, and two on behalf of ERC, against Whiteacre and Fund 2. Each proof of claim asserted the same $3 million unsecured claim, arguing that ERC and Brill's claims were similar and asserted concurrently. The proofs of claim sought recovery for what Brill alleged was real estate that was stolen in a fraudulent financing scheme, plus related litigation expenses and other costs.

Debtors filed an objection to these proofs of claim, arguing that the underlying claims either already were or could have been litigated to final judgment in state court, involving the same real property and loan obligation, and thus were barred by res judicata. After the Bankruptcy Court noted that Brill could not represent ERC pro se because he was not an attorney, Brill voluntarily and unilaterally withdrew the proofs of claim on behalf of ERC, without consulting anyone else. In February 2019, the Bankruptcy Court sustained the objection to Brill's proofs of claim, expunging and disallowing them after concluding that the underlying claims were barred by res judicata.

Brill appealed to the District Court, which ultimately affirmed the Bankruptcy Court's decision. Brill has timely appealed to this Court.

II.

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We apply the same standard of review "as that exercised by the District Court over the decision of the Bankruptcy Court[,] . . . exercis[ing] plenary review over questions of law." In re Giacchi, 856 F.3d 244, 247 (3d Cir. 2017). We review "the Bankruptcy Court's findings

3

of fact . . . only for clear error," as the District Court did.  In re Heritage Highgate, Inc., 679 F.3d 132, 139 (3d Cir. 2012).

III.

We agree with the District Court's affirmance of the Bankruptcy Court's disallowance and expungement of Brill's proofs of claim.  Under Indiana law, which governs the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), res judicata applies "where there has been a final adjudication on the merits of the same issue between the same parties."  Ind. State Ethics Comm'n v. Sanchez, 18 N.E.3d 988, 993 (Ind. 2014).  It is undisputed that the first two elements of res judicata under Indiana law apply here — that the former judgment was "rendered on the merits" and "rendered by a court of competent jurisdiction."  See id.  The only elements in dispute are whether this matter "was or might have been determined in the former suit" and whether the prior controversy was "between the parties to the present action or their privies."  See id.

The Bankruptcy Court appropriately concluded that this matter "was or might have been determined in the former suit."  See id.  As the District Court explained, the record supported the Bankruptcy Court's determination that Brill's claims — fundamentally alleging fraud against Whiteacre and others — were either already litigated, or could have been litigated, in the prior state court action regarding the same mortgage and property at issue here.  See Kieler v. C.A.T. by Trammel, 616 N.E.2d 34, 36 (Ind. Ct. App. 1993).

Next, we discern no error in the Bankruptcy Court's determination that the prior controversy was "between the parties to the present action or their privies."  See Sanchez,

4

18 N.E.3d at 993. The record supports the conclusion that Brill directed ERC and that his interests were represented by ERC in the state court action. See MicroVote Gen. Corp. v. Ind. Election Comm'n, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010) ("The term [privy] includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action.").

Brill's own filings and testimony indicate that he had practical control of ERC. Brill extensively participated in the state court action on behalf of ERC and described making key decisions, including major financial decisions, for ERC. Brill has repeatedly maintained that he does not have a voting ownership share in ERC, but he cites no record evidence to show how this prevented him from directing ERC. Further, the record demonstrates that Brill's personal financial interests were intertwined with ERC's, and he has referred to his interests and ERC's interests interchangeably throughout these proceedings. See id. ("[I]n determining the parties for *res judicata* purposes, . . . court[s] look[] beyond the nominal parties and treat[] those whose interest[s] are involved as the real parties."); Small v. Centocor, Inc., 731 N.E.2d 22, 28 (Ind. Ct. App. 2000) (concluding that an individual who "had complete control over" a prior action and stood to gain financially "from a favorable outcome of the [prior] action" was "bound by the judgment in the prior action"). Thus, the Bankruptcy Court did not err in concluding that Brill was in privity with ERC and that because all of the elements were met, res judicata barred his claims.

For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] We grant Brill's requests to file a supplemental appendix and an addendum to his reply brief.